The return day of this action is the first Tuesday of September, 1960. This proceeding, at Putnam in Windham County, is pursuant to an order on an application for the immediate issuance of an order of mandamus. The respondent has filed a return.
The relator, hereinafter called the plaintiff, requests an order compelling the respondent, hereinafter called the defendant, as zoning enforcement officer of the city of Stamford, to issue a building permit for the construction of a swimming pool and other recreational facilities on a ten-acre tract in a residential zone in the city of Stamford. The Stamford zoning regulations permit a nonprofit association to use land in any zone for recreational purposes. Stamford Zoning Regs., art. III § 5 (land use schedule); art. II § 3(A) 24 (defining such an association).
The application for a building permit was submitted on July 25, 1960. The defendant building inspector testified that he had not issued a permit because (1) he was not convinced that The Newfield *Page 338 
Swim Club, Inc., was a nonprofit organization owning or leasing land, and (2) because the matter was controversial and an application for a change of the pertinent zoning regulation had been filed on July 20, 1960.
An application for a temporary injunction against the issuance of such a permit on the ground that the proposed club would invade the rights of an adjacent property owner was heard with this application and was denied.
An order of mandamus will not issue unless (1) the party against whom the order is sought has a ministerial duty to perform imposed by law not involving the exercise of discretion, (2) the party applying for the order has a clear right to the relief, and (3) there is no other remedy. State ex rel.Rowell v. Boyle, 115 Conn. 406, 412; State ex rel.Lacerenza v. Osborn, 133 Conn. 530, 534.
The defendant admits that the application, plans and supporting data for the permit satisfy the zoning requirements if the applicant is a nonprofit corporation owning or leasing land. He says that he has not refused to issue a permit.
A copy of the articles of association of The Newfield Swim Club, Inc., was submitted with the application. Defendant has requested no further documentary evidence. Although it appears that the organization of this nonstock corporation has not been completed, a copy of the approved articles was recorded in the Stamford land records on July 25, 1960. The club holds a lease to the land in question. It is no concern of the court that the club is being sponsored for the resident property owners by a profit-making development corporation. If the right of the applicant to construct the club facilities for which the permit is sought is supported by the zoning regulations, it is no ground for the denial *Page 339 
of a permit that the applicant or someone else will subsequently put the facilities to an improper use. 34 Am. Jur. 962. There is no mandate in the zoning regulations to permit inquiry into the financial responsibility of the applicant. See Clapp v. Ulbrich,140 Conn. 637, 642. It would have been better if the articles of association had included a provision preventing the diversion of funds for personal profit. See Camp Isabella Freedman of Connecticut,Inc. v. Canaan, 147 Conn. 510, 513. However, since the application was in behalf of a nonprofit club organized as a nonstock association, it must be assumed it will be operated to comply with the zoning regulations.
The defendant's admitted delay in issuing the permit because the matter is controversial and that a change in the ordinance has been proposed which will allow such use only by special exception is not a valid reason for withholding action on the issuance of a building permit. Loew v. Falsey,144 Conn. 67, 72. It must be concluded that nothing remains to be done but the purely ministerial act of issuing the formal permit. Ibid; see Alcorn ex rel.Hyde v. Dowe, 10 Conn. Sup. 78, 83. It also must be concluded that the plaintiff has no other adequate remedy. State ex rel. Heimov v. Thomson,131 Conn. 8, 13.
 The application for the immediate issuance of an order of mandamus is granted.