[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (No. 104)
The plaintiffs allege they are owners of property in Westport, Connecticut, which was subdivided, approved and properly recorded in the land records in 1965 and is subject to Westport zoning regulations in effect in 1965. The plaintiffs also allege that in 1965 there was no maximum limitation as to total lot coverage. An amendment effective in 1983 limited total building coverage to 15 per cent of the lot area.
On October 27, 1989, plaintiffs applied for a zoning permit to construct a swimming pool on their property. The application was denied on the basis that the pool would exceed the allowed 15 per cent total coverage.
This action was initiated on May 2, 1990 by the plaintiffs seeking an order of mandamus against defendant zoning officer.
The defendant zoning enforcement officer filed the subject motion to dismiss the plaintiffs' complaint, citing as grounds that (1) plaintiffs failed to exhaust their administrative remedies in that the plaintiffs did not appeal the zoning decision to the Westport Zoning Board of Appeals, and (2) there is no subject matter jurisdiction in the court due to plaintiffs' failure to file a copy of the complaint with the Westport Town Clerk.
A motion to dismiss is the proper method for the defendant to contest the jurisdiction of the court. Connecticut Practice Book 142 (rev'd. to 1978, as updated to October 1, 1989); Upson v. State, 190 Conn. 622, 624 (1983). "A finding of jurisdiction is not a matter within the discretion of a court but a legal determination to be reached upon the facts and the pleadings." Chrysler Credit Corporation v. Fairfield Chrysler Plymouth, Inc., 180 Conn. 223, 229 (1980). (Loiselle, J. concurring.) Lack of jurisdiction, once raised, must be disposed of. Baldwin Piano and Organ Co. v. Blake, 186 Conn. 295,297 (1982).
The defendant argues in support of its motion to dismiss that where a plaintiff has a statutory right of appeal from a decision of an administrative officer, the plaintiff may not bring an independent action on the same matter prior to exhausting the available appeal process. Defendant argues that both Connecticut General Statutes 8-6 and Westport zoning regulations empower the Board of Zoning Appeals to "hear and decide appeals where it is alleged that there is error. . . .," and that in the instant case that Board can grant a remedy. CT Page 2690 Defendant argues that the plaintiffs have failed to indicate why I it is the "clear and unequivocal duty" of the defendant to issue the swimming pool permit.
The plaintiffs argue that an appeal to the Zoning Board of Appeals would be futile, and that defendant's cited cases are not pertinent since they do not involve actions for mandamus.
"The writ of mandamus is an extraordinary remedy," Cheshire Taxpayers' Action Committee, Inc. v. Guilford,193 Conn. 1, 5 (1984), "available in limited circumstances for limited purposes." Golab v. New Britain, 205 Conn. 17, 19 (1987).
 An order of mandamus will not issue unless (1) the party against whom the order is sought has a ministerial duty to perform imposed by law not involving the exercise of discretion, (2) the party applying for the order has a clear right to the relief, and (3) there is no other remedy. (Citations omitted.
State ex rel. The Newfield Swim Club, Inc. v. Swinnerton,22 Conn. Sup. 336, 388 (Ct. of Common Pleas, 1960); see also Chamber of Commerce v. Murphy, 179 Conn. 712, 717 (1980).
In the instant case the plaintiffs argue that they have a right to a zoning permit as a matter of law and request an order of mandamus; the defendant argues that the plaintiff has no clear right to the relief and has the remedy of an administrative appeal. "We do not give or define a right nor do we act upon contested rights in a mandamus action." McAllister v. Nichols, 193 Conn. 168, 172 (1984).
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the superior court will obtain jurisdiction to act in the matter." Connecticut Mobile Home Assn., Inc. v. Jensen's, Inc., 178 Conn. 586 (1979). "If the trial court has no jurisdiction because the plaintiffs had failed to exhaust their administrative remedies, the action must be dismissed." Concerned Citizens of Sterling v. Sterling, 204 Conn. 551,556-57 (1987). See also Juliano v. Farrell, 196 Conn. 283, 286
(1985) (Failure to exhaust available administrative remedies is a proper ground for denying mandamus.)
The plaintiffs argue that pursuing an administrative remedy is futile, and that they will reach superior court eventually. However, the Sterling court said that "we have CT Page 2691 never held that the mere possibility that an administrative I agency may deny a party the specific relief requested is a ground for an exception to the exhaustion requirement." Sterling, 204 Conn. at 559. In Sterling, the court reminded the plaintiffs that, by not pursuing their administrative remedy, they have "not only deprived [the administrative body] of the opportunity to hear, analyze and review a matter within its responsibility and expertise, but have also deprived [themselves] of the opportunity to put on [their] case and to make a proper record on which to seek judicial relief. . . ." (Citation omitted.) Id.
The defendant's motion to dismiss the plaintiffs' complaint because of failure to exhaust their administrative remedies is granted. In view of this decision, there is no need to address defendant's second jurisdictional claim.
E. EUGENE SPEAR, JUDGE