[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Walnut Tree Developers, Inc., filed this appeal from a decision of the Newtown Planning and Zoning Commission (Commission) denying an application to amend a special exception. The special exception, granted on February 2, 1995, allowed the appellant to construct an elderly housing condominium of eighty units on property owned by it on Walnut Tree Hill Road in Newtown. By application dated April 24, 1996, the appellant sought to amend the special exception to allow, upon a unit owner's request, the construction of an unheated porch over the existing twelve foot-by thirteen foot patio area allotted to each unit. A public hearing was held on May 16, 1996. The Commission denied the application at a meeting held on June 6, 1996, for the stated reason that "[t]he Commission considered closed[-]in porches to be an extension of living space [n]ot suitable to this type of clustered area. Use beyond the original application." The denial was published in the Newtown Bee on June 14, 1996.
Walnut Tree argues that the Commission's decision was illegal, arbitrary and an abuse of discretion because the reason the Commission gave for its denial was overly vague. The Commission argues that its conclusion was authorized by the Newtown Zoning Regulations, including the general considerations for reviewing special exception applications set forth in Regulation 8.04, and its reason was supported by the "facts and concerns presented at the public hearing." Aggrievement has been previously found on April 28, 1997.
"`The terms special permit and special exception have the same legal import and can be used interchangeably. . . . A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations. . . . The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the conditions necessary to protect the public health, safety, convenience, and property values. . . . Acting in this administrative capacity, the [zoning commission's] function is to determine whether the applicant's proposed use is expressly permitted under the CT Page 9199 regulations, and whether the standards set forth in the regulations and the statute are satisfied. . . . The zoning commission has no discretion to deny the special exception if the regulations and statutes are satisfied. . . . When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. . . . The zoning [commission's] action must be sustained if even one of the stated reasons is sufficient to support it. . . ." (Citations omitted.)Irwin v. Planning and Zoning Commission. 45 Conn. App. 89, 95-96
(1997), quoting Felsman v. Zoning Commission. 31 Conn. App. 674,677-78 (1993).
In the present appeal, the Commission argues that its stated reason for denying the plaintiff's application properly addresses the standards of Regulation 8.04, titled "Special Exceptions," which authorizes the consideration of "the impact . . . upon the neighborhood and surrounding area and upon the public health, safety, convenience and welfare." The Commission also argues that its reasoning reflects Regulations 8.04.710, 8.04.740, 8.04.750 and 8.04.770. Regulation 8.04.710 requires the proposed use to "be in harmony with the general character of the neighborhood," Regulation 8.04.740 states that the proposed use "shall not create additional congestion or a traffic hazard on existing streets," Regulation 8.04.750 requires the proposed use not to "create a health or safety hazard to persons or property on or off the lot on which the use is proposed" and Regulation 8.04.770 mandates that "[t]he architectural design of the proposed building shall be in harmony with the design of other buildings on the lot and within 1,000 feet of the perimeter of the lot for which the special exception is sought." The Commission argues that the new porches would be an addition to the living space of the complex which, in turn, would adversely affect the neighborhood, would cause additional congestion and adversely impact the sewers and water supply, and would be not in harmony with the wooded area.
The Commission also relies on Whisper Wind DevelopmentCorporation v. Planning Zoning Commission, 32 Conn. App. 515,518, 630 A.2d 108 (1993), aff'd, 229 Conn. 176, 640 A.2d 100
(1994), where the Court upheld a planning and zoning commission's denial of a special permit for the commission's stated reasons that "`[t]he proposed use would not be harmonious with the existing development in the district and would be detrimental to the orderly development of adjacent properties' and that `[t]he CT Page 9200 location, size, nature and intensity of the use would create a pedestrian and traffic hazard and would conflict with the traffic characteristics of the surrounding neighborhood.'"
The present action is factually distinguishable from WhisperWinds and that a search of the record supports neither the Commission's arguments nor its stated reason. At the public hearing, the architect for the proposed addition testified that the new porches would be unheated and would be designed to match the exterior of the approved complex.[1] Moreover, the attorney for the appellant testified that, while there would be electricity in the porches and the unit owners could, at their choice, glass in the porches, the porches would not be heated, would have no insulation and would have neither the foundation nor the frost wall necessary for a legal year-round structure.[2] In opposition, the Commission heard testimony from three neighbors of the approved complex, who all expressed concern over any addition to the project.[3] One neighbor stated that "my objection to this discussion tonight is that one more advance or request for changes is going to lead to more and more as we go along, and I don't think that development wanted tonight is going to improve the appearance at all."[4]
The record is devoid of testimony or other evidence regarding increased traffic or increased use of sewage facilities, and the only evidence regarding the wooded nature of the lot are photographs showing the complex in a broad clearing. As for the architectural aspect of the proposed porches, the architect submitted drawings showing that the additions would look exactly like the buildings already there. Moreover, the Commission itself did not include any of these considerations in its own reasoning, as it stated only that "[t]he Commission considered closed[-]in porches to be an extension of living space [n]ot suitable to this type of clustered area. Use beyond the original application." As for the extension of living space, the record shows that the proposed porches could not legally be year-round rooms, and that therefore the Commission has no support for its concerns about increased density. "[I]t is no ground for the denial of a permit that the applicant or someone else will subsequently put the facilities to an improper use. 34 Am.Jur. 962." State ex rel. The Newfield Swim Club, Inc. v. Swinnerton,22 Conn. Sup. 336, 338-39 (1960). Moreover, since the proposed porches would not physically expand the already approved project, but merely adds walls to it, the proposed use would not in fact be "beyond the original application." CT Page 9201
Whisper Winds is distinguishable from the present case in that the detailed reasons given by the zoning authority there for its denial of a special permit for the excavation of sand and gravel from a development were tied to specific aspects of the proposed use, including the fact that the excavation of sand and gravel from the site would require trucks to travel on narrow strips of land and on a U-shaped road. By contrast, no evidence of any such traffic hazard was presented in the present action.
Therefore, the reason given by the Commission is not supported by the record and the appeal is sustained. The Commission is ordered to grant the appellant's request for a special exception "under such terms and conditions as the [commission] might reasonably prescribe." Mobil Oil Corporationv. Zoning Commission. 30 Conn. App. 816, 821 (1993).
Judgment may enter accordingly.
MORAGHAN, J.