MOBIL OIL CORPORATION *v.* ZONING COMMISSION
OF THE TOWN OF STRATFORD ET AL.
(11514)

DUPONT, C. J., DALY and LAVERY, Js.

Argued February 9—decision released April 6, 1993

[5] See footnote 3, supra.

*Richard G. Kascak, Jr.,* for the appellant (plaintiff).

*Kurt M. Ahlberg,* assistant town attorney, for the appellees (defendants).

DALY, J. The plaintiff appeals from the trial court's order remanding the case to the defendant zoning commission without directing the commission to grant the special case permit. There is no challenge to the trial court's judgment reversing the commission's denial of the plaintiff's application for a special case permit to convert its gasoline station to a self-service gasoline station with an additional repair bay.

The plaintiff has been operating a gasoline station with two repair bays at the intersection of Park Avenue, Barnum Avenue, Boston Avenue and College Street in Stratford. The plaintiff's property is located across the street from a Merit self-service gasoline station in a zoning district where full service gasoline stations are permitted. Self-service gasoline stations are permitted only as special cases.[1] By application dated December 6, 1990, the plaintiff applied for a special case permit to convert the facility to a self-service gasoline station with three repair bays. Under the plaintiff's plan there would be no changes made to the building on the premises but canopies would be installed over the gasoline pumps. On April 16, 1991, the commission voted to request a sixty-five day extension to act on the application from the plaintiff. After the plaintiff refused the extension, the commission voted to deny the application on April 22, 1991.

Nine reasons were given for the denial: (1) Mobil failed to provide a complete, accurate and up-to-date traffic study showing how the property and streets

---

[1] Section 7.1 of the zoning regulations provides that "a self-service gasoline station shall be subject to the approval of the Planning and Zoning Commission as a special case." A special case permit is the same as a special permit or special exception.

would be affected by or support a conversion to self-service; (2) the traffic study did not include the level of service information, traffic signal data and information on turning movements necessary to make an informed decision on the project's potential impact on existing conditions; (3) the traffic study failed to show a safe stacking plan that would not adversely affect traffic and visibility; (4) conversion to self-service would be dangerous for the heavily traveled streets as a result of the configuration of the lot and location of the pumps; (5) conversion to self-service would be a safety hazard because of the close proximity to schools, churches, shopping areas where children have a tendency to walk between waiting cars; (6) the possible stacking of cars into the streets would cause safety and fire hazards and the property is located on an ambulance route; (7) failure of the property owner and tenant to abide by and live up to the previous stipulations applied to this property; (8) the property as presently used is heavily congested, and conversion to self-service would be too intense and would create further circulation problems; (9) the stacking of cars waiting for self-service would create additional noise, smoke, odors and fumes.

The plaintiff appealed to the trial court. Because the plaintiff had provided a suitable traffic study, because no public opposition to the application arose, and because the police department had no comment on the plaintiff's proposal, the trial court found the the first three reasons for the commission's decision to be inadequate to support the commission's conclusion.[2]

---

[2] Before the trial court, the commission briefed only the first three reasons for denying the special case permit relating to the traffic study, and, the trial court determined that the commission had abandoned the remaining six reasons. The trial court should not have deemed the reasons abandoned because it is responsible for the review of the record in an attempt to find some basis for the commission's action. *Grillo* v. *Zoning Board of Appeals*, 206 Conn. 362, 369, 537 A.2d 1030 (1988). In fact, the nine reasons given,

Having resolved the issues in favor of the plaintiff, the trial court sustained the appeal and remanded the matter to the commission for further proceedings in accordance with its decision. We granted certification and the plaintiff appealed. The commission has not cross appealed. The sole issue before us is whether the trial court should have ordered the commission to issue the special case permit, which the trial court refused to do.

"The terms special permit and special exception have the same legal import and can be used interchangeably. . . . A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations. . . . The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the conditions necessary to protect the public health, safety, convenience, and property values. . . . Acting in this administrative capacity, the [zoning commission's] function is to determine whether the applicant's proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and the statute are satisfied." (Citations omitted; internal quotation marks omitted.) *A.P. & W. Holding Corporation* v. *Planning & Zoning Board,* 167 Conn. 182, 185, 355 A.2d 91 (1974).

The zoning commission "has no discretion to deny the special exception if the regulations and statutes are satisfied. . . . When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. . . . The zoning [commission's] action must be sustained if even one of

with the exception of the seventh, are really versions of the first three, all relating to traffic. The seventh reason was inapplicable because, as conceded at oral argument, there was no failure to "live up to prior stipulations."

the stated reasons is sufficient to support it." (Citations omitted.) *Daughters of St. Paul, Inc.* v. *Zoning Board of Appeals,* 17 Conn. App. 53, 56–57, 549 A.2d 1076 (1988). The trial court determined that none of the stated reasons was sufficient to support the zoning commission's decision not to grant the special case permit. This determination has not been challenged.

"When, on a zoning appeal, it appears that as a matter of law there was but a single conclusion which the zoning authority could reasonably reach, the court may direct the administrative agency to do or to refrain from doing what the conclusion legally requires. *Watson* v. *Howard,* 138 Conn. 464, 470, 86 A.2d 67 (1952); *Executive Television Corporation* v. *Zoning Board of Appeals,* 138 Conn. 452, 457, 85 A.2d 904 (1952); *Bishop* v. *Board of Zoning Appeals,* 133 Conn. 614, 623, 53 A.2d 659 (1947). In the absence of such circumstances, however, 'the court upon concluding that the action taken by the administrative agency was illegal, arbitrary or in abuse of its discretion should go no further than to sustain the appeal taken from its action. For the court to go further and direct what action should be taken by the zoning authority would be an impermissible judicial usurpation of the administrative functions of the authority.' *Bogue* v. *Zoning Board of Appeals,* 165 Conn. 749, 753–54, 345 A.2d 9 (1974); *Guerriero* v. *Galasso,* 144 Conn. 600, 608, 136 A.2d 497 (1957); *Watson* v. *Howard,* supra, 469–70." *Thorne* v. *Zoning Commission,* 178 Conn. 198, 206, 423 A.2d 861 (1979).

In *Executive Television Corporation* v. *Zoning Board of Appeals,* supra, the defendant rejected the plaintiff's application for a certificate of approval for a proposed gasoline station and car wash. The trial court concluded that the defendant could not have reasonably concluded that the safety of the public would be unduly imperiled. There was a gasoline station across the street from the

site, as in the case before us. Our Supreme Court decided that the Court of Common Pleas improperly dismissed the appeal because the record and the findings of the Court of Common Pleas clearly demonstrated that the only reasonable conclusion of the zoning board was that the plaintiff was entitled to receive a certificate of approval. Thus, the Supreme Court concluded, the trial court should have ordered the defendant to issue the certificate.

The present case is analogous because here there was no basis for the zoning commission's denial of the plaintiff's special case permit application. Thus, the trial court should have ordered that the application of the plaintiff be approved "under such terms and conditions as the [commission] might reasonably prescribe" because as a matter of law the only conclusion the defendant zoning commission could reasonably reach was to grant the permit. *Levine* v. *Zoning Board of Appeals,* 124 Conn. 53, 59, 198 A. 173 (1938).

The judgment is reversed only as to the order remanding the matter for further proceedings, and the matter is remanded to the trial court with direction to render judgment directing the zoning commission to grant the special case permit under such terms and conditions as the commission might reasonably prescribe in accordance with its regulations.

In this opinion the other judges concurred.