[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative or record appeal by the plaintiffs, 870 Post Road Corporation and Coldwell Banker Real Estate Services, Inc. (Coldwell Banker), from a decision of the defendant, the Planning and CT Page 8030 Zoning Commission of the town of Darien (Commission), denying their application for a special permit seeking office use on a portion of the first floor of a two-story commercial building located at 870 Post Road, in Darien. The property is owned by 870 Post Road Corporation and plaintiff Coldwell Banker leases most of the first floor for office purposes.
The site is located in the Central Business District zone (CBD). According to section 654 of the zoning regulations of the town of Darien, this zone permits "business and professional offices on the first floor" subject to obtaining a special permit pursuant to section 1000 et seq. of the Darien zoning regulations. Section 1005 of the zoning regulations provides that special permits may be granted by the Commission after consideration of the health, safety and welfare of the public and the immediate neighborhood, and also "provided the Commission shall make the following findings," referring to a number of specific standards.[1]
The plaintiffs applied for a special permit in order to permit Coldwell Banker to use approximately 400 square feet on the first floor of the subject premises for office space, rather than its current retail use. The remainder of the first floor, approximately 770 square feet, is already being used for office space by Coldwell Banker. The proposal would not require any exterior changes, except with respect to a window and the sidewalk in order to comply with fire code and handicap requirements. The Commission held a public hearing on the plaintiffs' application for a special permit for office use and thereafter unanimously denied the request. The Commission's decision indicated that it was based on policy considerations derived from the Darien plan of development which, according to the defendant, encouraged retail rather than office use on the first floor of premises located in the CBD zone.[2]
The Commission in rejecting plaintiffs' application also indicated that it was "unable to make [the] positive findings" required by section 1005 of the regulations.[3]
The plaintiffs appealed the Commission's decision to this court in accordance with General Statutes 8-8, 8-9, alleging that they were aggrieved by the denial of their application. General Statutes8-8 (a)(2)(b) provides that "any person aggrieved by a decision of a board may take an appeal . . . ." Aggrievement is defined by General Statutes 8-8 (a)(1) as referring to "any person owning land that abuts or is within the radius of one hundred feet of any portion of the land involved in the decision of the board." The owner of property which is the subject of a land use appeal is aggrieved when his CT Page 8031 application is denied. Winchester Woods Association v. Planning Zoning Commission, 219 Conn. 303, 308, 592 A.2d 953 (1991). As a prospective lessee of the proposed office space, Coldwell Banker is also deemed aggrieved as it has a "specific, personal and legal interest in the subject matter of the appeal." Primerica v. Planning and Zoning Commission, 211 Conn. 85, 94, 558 A.2d 646 (1989).
The plaintiffs claim they are aggrieved because the Commission, in denying their application, relied on standards which are not in the regulations governing special permits. The standard of review by this court in connection with the denial of a special permits. The standard of review by this court in connection with the denial of a special permit was reiterated recently by the Appellate Court in Mobil Oil Corporation v. Zoning Commission, 30 Conn. App. 816,819-20, 622 A.2d 1035 (1993). "The terms special permit and special exception have the same legal import and can be used interchangeably. . . . A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations . . . . The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the conditions necessary to protect the public health, safety, convenience, and property values. Acting in this administrative capacity, the [zoning commission's] function is to determine whether the applicant's proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and the statute are satisfied . . . . The zoning commission has no discretion to deny the special exception if the regulations and statutes are satisfied . . . . When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. The zoning [commission's] action must be sustained if even one of the stated reasons is sufficient to support it. (Citations and internal quotation marks omitted). Id. See also Felsman v. Zoning Commission, 31 Conn. App. 674,678, 626 A.2d 825 (1993) ("The zoning commission has no discretion to deny the special exception if the regulation and statutes are satisfied").
Based on this standard of review, it is evident that the defendant Commission's decision denying the requested special permit for the additional office space must be reversed. The standards set forth in section 1005 of the Darien zoning regulations do not include or refer to the necessity of an application conforming with a plan of development. Defendant's brief indicates that the decision was based on subsections (a) and (b) of section 1005, but the CT Page 8032 decision itself makes no such reference. Instead, as previously noted, the decision relies on the intent of the Commission as reflected in the plan of development to "encourage retail use on the first floor of buildings in the Central Business District . . ."
Thus, this case is distinguishable from the recent case of Whisper Wind Development Corporation v. Planning and Zoning Commission, 32 Conn. App. 515, A.2d (1993), where a denial of a special permit was upheld when the defendant commission in Middlefield stated that the proposed use would not be harmonious with existing development, would be detrimental to adjacent properties, and also that the proposal would create a traffic hazard. These standards, although labeled as "general considerations," or as "broad legislative statements contained in the general considerations section of the regulations," as contrasted with the "detailed technical requirements," id., 519, were actually set forth in the regulations governing special permits. The court held that a "special permit application may be denied on the basis of the general considerations alone." Id., 520-21. Whisper Wind also noted that the reasons for the denial "trace the language of the regulations," id., 523, and that there was sufficient evidence presented to the commission to justify the denial of the special permit.
In the instant case, on the other hand, the Commission does not refer either to specific technical considerations or to general considerations, but rather confined itself to stating that the plan of development encourages retail use on first floors in that zone. The transcript indicates that there was neither opposition to the application at the public hearing by any person nor comments or questions by Commission members or anyone else regarding the encouragement of retail use on the first floor of the CBD zone. The defendant's rationale for denial of the special permit does not find sufficient support in the record. The only reference to this subject in the record is the excerpts from the plan of development, which recommend encouragement of retail uses on first floors in the zone. However, even the plan itself recognizes that office use could be located in first floors in this zone when it indicated that: ". . . office use within the first floor areas shall be restricted to those office uses which are designed to provide what are considered services to the residential community. Coldwell Banker already uses most of the first floor for offices and this application simply requests an expansion into the remainder of the first floor for CT Page 8033 what would appear to be "services to the residential community."
The reasons given by the Commission for denial of the application, moreover, are not found in the criteria for granting special permits. The basis of the decision is that, according to the plan of development, retail rather than office use should be encouraged, and that office use would be contrary to that plan. As was said, however, in TLC Development, Inc. v. Planning and Zoning Commission,215 Conn. 527, 532-33, 577 A.2d 288 (1990), a conclusive presumption exists that office use is in harmony with the CBD zone. ("The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on . . . the general harmony of the district").
The solution to encouraging retail use on the first floors in this zone is to delete office use from the list of permitted uses. This has not been done. Once office use is characterized as a permitted use, an application can be denied only if the reasons given by the defendant find support in the record, and the reasons are based on the standards of section 1005 of the regulations. The court finds that neither of these conditions are satisfied in the instant case.
Accordingly, the appeal is sustained, and the special permit should be granted to the plaintiffs. Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 3rd day of September, 1993.
William B. Lewis, Judge
Decision entered in accordance with the foregoing. September 3, 1993
All counsel notified, 9/3/93
Asst. Clerk