[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10016
The plaintiff, Mobil Oil Corporation, appeals pursuant to General Statutes § 8-8 from a decision of the defendant, the Zoning Commission of the Town of Stratford (commission), granting the plaintiff's application for a special case permit to operate a self-service gasoline station, but attaching thereto seven conditions which the plaintiff claims are illegal, unreasonable and in abuse of the Commission's discretion.
The plaintiff operates a gasoline station at the intersection of Park Avenue, Barnum Avenue, Boston Avenue and College Street in Stratford. "By application dated December 6, 1990, the plaintiff applied for a special case permit to convert [the full-serve gasoline station with two repair bays it presently operates] to a self-service gasoline station with three repair bays. Under the plaintiff's plan there would be no changes made to the buildings on the premises but canopies would be installed over the gasoline pumps." Mobil Oil Corp. v. Zoning Commission of Stratford,30 Conn. App. 816, 817, 622 A.2d 1035 (1993). The commission denied the application on April 22, 1991, and the plaintiff appealed to the superior court. (Appeal, December 2, 1993.) The court, Leheny, J., sustained the appeal and remanded the matter to the commission for further proceedings in accordance with its decision. (Appeal, December 2, 1993.)
The plaintiff appealed, claiming that the trial court should have ordered the commission to issue the special case permit. The appellate court "remanded the matter to the trial court with direction to render judgment directing the zoning commission to grant the special case permit under such terms and conditions as the commission might reasonably prescribe in accordance with its regulations." Mobil Oil Corporation v. Zoning Commission ofStratford, supra, 30 Conn. App. 821. On remand, the trial court, Leheny, J., ordered judgment in accordance with the appellate court decision. (ROR, Item 1.) The Commission granted the application for the special case permit and attached the following seven conditions: "a. One pump island shall remain as a full service island with signage indicating same in order to meet the needs of elderly and handicapped citizens. b. The maximum hours of operation shall be from 6:00 a.m. to Midnight. c. Conformance to the landscaping plan submitted by Mobil revised to March 4, 1991. In addition the area approximately 6 ft. by 50 ft. in size located between the concrete sidewalk and concrete curb on Boston Avenue CT Page 10017 shall be grass instead of asphalt. d. There shall be no unregistered motor vehicles parked on this property. e. No merchandise or unoccupied vehicles shall be parked between the setback of the pump islands and the street line. f. No auto painting or body work shall be performed at this location. g. All new signage must conform to the sign regulations as amended." (ROR, Item 2.)
On December 2, 1993, the plaintiff filed an appeal of the Commission's decision. It claims that the "conditions affixed to the Commission's granting of the special case permit are illegal, arbitrary and in abuse of the discretion vested in the commission in that the conditions are not rationally related to the permit, are not authorized by the regulations, are not reasonable, are beyond the police power and are discriminatory." (Appeal, December 2, 1993.)
The Commission filed an answer on December 2, 1993, and filed the return of record on June 20, 1994.[1] The plaintiff filed a brief dated June 20, 1994. The Commission filed a brief on August 3, 1994. An initial court hearing was held before the court on April 7, 1995 and a second one held on August 14, 1995.
A. Aggrievement
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planningand Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991). General Statutes § 8-8 provides that an aggrieved person "includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." William E. Clark, the plaintiff's real estate representative responsible for properties in Stratford at the time of the initial application, testified at the hearing that the plaintiff owned the property upon which the station was located. As the landowner of the subject property, the court finds that the plaintiff is aggrieved. See Winchester Woods Associates v.Planning and Zoning Commission, supra, 219 Conn. 308.
B. Timeliness
A party taking an appeal must do so by commencing service of process within fifteen days from the date that notice of the decision was published. General Statutes § 8-8(b). Notice of the decision was sent to the plaintiff in a letter dated November 9, CT Page 10018 1993. (ROR, Item 2.) On November 23, 1993, the plaintiff served process upon: Gary Lorentson, authorized to accept service for the Zoning Commission of the Town of Stratford; Gary Lorentson, the clerk of the Commission; June Grace, Assistant Town Clerk, authorized to accept service for Patricia Ulatowski, Town Clerk of Stratford; and on November 24, 1994 served process upon Susan Youngquist, chairperson of the Commission. (Sheriff's Return, November 24, 1993.) The plaintiff received notice of the decision some time after November 9, 1993, and served all named defendants within fifteen days of November 9, 1993. Therefore, the plaintiff's appeal is timely.
C. Scope of Judicial Review
"In reviewing an appeal from an administrative agency, the trial court must determine whether `the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . .'" (Citations omitted.) Smith v. Zoning Board of Appeals,227 Conn. 71, 80, 629 A.2d 1089 (1993), cert. denied,114 S.Ct. 1190 (1993). "The burden of proof is on the plaintiff to demonstrate that the Commission acted improperly." Spero v. Boardof Appeals, 217 Conn. 435, 440, 586 A.2d 590 (1991). "[W]here a zoning commission has formally stated the reasons for its decision, the court should not go behind that official collective statement of the commission . . . where there is a failure to comply with the obligation to state reasons, the action is not deemed void but the court must search the record to see whether the board was justified in its decision." West Hartford Interfaith Coalition, Inc. v. TownCouncil, 228 Conn. 498, 515, 636 A.2d 1342 (1994).
D. Review of Plaintiff's Argument
The plaintiff claims that the seven conditions set out by the Commission are "illegal, arbitrary and in abuse of the discretion vested in the commission in that the conditions are not rationally related to the permit, are not authorized by the regulations, are not reasonable, are beyond the police power and are discriminatory." (Appeal, December 2, 1993.)
E. Substantive Analysis
Gasoline service stations are a permitted use in the zone at issue, but a self-service gasoline station requires a special case. (ROR, Item 8.) Section 7.1.4, Stratford Zoning Regulations effective 1990. A special case under Stratford Zoning Regulations CT Page 10019 is equivalent to a special permit or special exception. Mobil OilCorp. v. Zoning Commission, supra, 30 Conn. App. 817 n. 1. "A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations. . . . The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the conditions necessary to protect the public health, safety, convenience, and property values. . . . Acting in this administrative capacity, the [zoning commission's] function is to determine whether the applicant's proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and the statute are satisfied. . . ." (Citations omitted; internal quotation marks omitted.) Id., 819.
The appellate court ordered the commission "to grant the special case permit under such terms and conditions as the commission might reasonably prescribe in accordance with its regulations." Mobil Oil Corp. v. Zoning Commission, supra,30 Conn. App. 819. "It is well settled that the conditions permitting the use of property as a special exception must be found in the zoning regulations themselves; that the commission must have the authority in granting a special exception to subject the grant only to those conditions which are ground in the regulations; and that none of the conditions imposed by the commission altered the requirements prescribed in the zoning regulations." (Citation omitted.) Beckish v. Planning Zoning Commission, 162 Conn. 11,14-15, 291 A.2d 208 (1971).
The commission argues that the seven conditions attached to the special permit granted to the plaintiff are reasonable pursuant to the amended regulations governing special case permits.[2] The commission relies on McCallum v. Inland Wetlands Commission,196 Conn. 218, 223, 492 A.2d 175 (1985), for the proposition that the regulations in effect at the time the court rendered its decision controlled the outcome of the application. The commission bases its conditions on the amended regulations. The plaintiff argues that the zoning regulations in effect when the application proceedings were instituted are controlling instead of those in effect at the time of the decision of a court. The commission argues that for the court to apply the regulations in effect at the time of the application, the plaintiff needed to allege "bad faith" in amending the regulations.[3] The commission reinforces its position by contending that the appellate court could have directed the defendant to impose conditions under the regulations in effect at the time of the initial application if it chose to do so. CT Page 10020
General Statutes § 8-2h(a) states, in pertinent part: "An application filed with a zoning commission, planning and zoning commission, zoning board of appeals or agency exercising zoning authority of a town, city or borough which is in conformance with the applicable zoning regulations as of the time of filing shall not be required to comply with, nor shall it be disapproved for the regulations or the boundaries of zoning districts of such town, city or borough taking effect after the filing of such application." "Pursuant to § 8-2h(a), [an] application for a special permit, filed on [a given date] will have to be considered by the commission under the zoning regulations in effect on that date." Protect Hamden/North Haven from Excessive Traffic andPollution, Inc. v. Planning and Zoning Commission, 220 Conn. 527,541, 600 A.2d 757 (1991); see also Michel v. Planning ZoningCommission, 28 Conn. App. 314, 612 A.2d 778, cert. denied,223 Conn. 923, 614 A.2d 824 (1992).
Section 8-2h(a), which became effective on October 1, 1989, overruled McCallum v. Inland Wetlands Commission, supra, 196 Conn. 223.Michel v. Planning Zoning Commission, supra, 28 Conn. App. 318. During oral argument, the commission contended that § 8-2h(a) does not apply where the commission denies an application, but only where an application has been granted and the issues on appeal become moot. The plain language of the statute and the case law interpreting the statute do not provide for this distinction. SeeMcNally v. Zoning Commission, 225 Conn. 1, 9, 621 A.2d 279
(1993) (discussing the applicability of Public Act 89-311, codified in § 8-2h(a)).[4] The commission should have applied the regulations in effect at the time of the application in 1990. The commission improperly applied the present regulations in establishing the seven conditions.
The appeal is sustained and the zoning commission is directed to grant the special case permit under such terms and conditions as the commission might reasonably prescribe in accordance with its regulations in effect on December 10, 1990.
LAWRENCE L. HAUSER, JUDGE