[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION TO OPEN JUDGMENT
The plaintiff Konover Development Corporation moves to open this court's September 19, 1995 judgment sustaining the plaintiff's appeal from the defendant's refusal to grant Special Permit Applications No. 449 and 449A. Plaintiff also appealed from the defendant's denial of the its accompanying site plan application.
The plaintiff's appeal having been sustained, the matter was remanded, without directions, to the defendant Commission. In this Motion to Open Judgment the plaintiff argues that the remand should have directed the Commission to grant the special permits and site plan application without further hearing.
The relevant facts and procedural history are set forth in the court's September 19, 1995, Memorandum of Decision. Insofar as it pertains to the instant motion, the Memorandum of Decision concluded that the reasons proferred for denying Special Permit Application No. 449 were not based on the criteria set forth in the applicable regulations:
 § 2.4.4 requires the Commission to determine whether the proposed use is consistent with the health, safety and welfare of the public, taking into account the "resulting traffic patterns and the adequacy of the street systems." As noted by Judge Fuller in his treatise, "the issue is whether the granting of the special permit will cause traffic congestion, not merely an increase in traffic in general."
 The traffic reasons assigned by the Commission are inconsistent with the specific criteria set forth in § 2.4.4C of the Regulations. While it is appropriate for the Commission to take into account their personal knowledge of the site, the reasons assigned by the Commission for denying the application are not based on "traffic patterns or the adequacy of the street systems" as required by § 2.4.4 of the Regulations. . . . In short, the traffic reasons cited by the Commission for denying plaintiff's application are not based on the specific standards set forth in § 2.4.4 of CT Page 12515 the Regulations. Neither the comments of the Commissioners nor an independent review of the record reflects that the "resulting traffic patterns and adequacy of the street system" formed the basis of the Commission's denial.
Memorandum of Decision, September 19, 1995, pp. 9-10. (Internal quotations and citations omitted.)
The basis of the decision sustaining the appeal was the failure of the Commission to apply the specific traffic related criteria set forth in § 2.4.4. The decision did not conclude that the Commission lacked a substantial basis for its denial. This case, therefore, is not governed by Mobil Oil Corporation v.Zoning Commission of the Town of Stratford, 30 Conn. App. 816
(1993), in which the "trial court determined that none of the stated reasons was sufficient to support the Zoning Commission's decision not to grant the special case permit." In this case, because the Commission did not apply the correct standards insofar as traffic is concerned, it would be inappropriate to direct it to grant the special permit without further hearing. At that hearing the Commission is to consider the plaintiff's application in terms of the standards set forth in § 2.4.4. The Commission is not to treat the remand as a new submission. "In effect, the proceedings before the Commission [are] to be taken up where they had been left off: the posthearing or deliberative stage." Gervasi v. Town Planning and Zoning Commission,184 Conn. 450, 454 (1981).
As this court previously ruled, the Commission improperly denied application No. 449A because it erroneously concluded that unless No. 449 were approved, No. 449A must also be denied. In short, the Commission never considered Application No. 449A on its merits. On remand the Commission is to consider and rule upon No. 449A, regardless of its decision in No. 449. Finally, the Commission denied the plaintiff's site plan application even though the comments of the Commissioners clearly reflected their view that, in fact, the application satisfied all relevant criteria. If the Commission, on remand, approves both special permit applications, it shall then consider plaintiff's site plan application.
SO ORDERED.
Robert L. Holzberg, J. CT Page 12516