[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 13, 1997
This is an administrative or record appeal by the plaintiffs, Henry Fryd and Joan Fryd, from a decision of the defendant, the Zoning Board of Appeals of the city of Stamford (ZBA), which CT Page 5043 granted a special exception to the defendant, The Mead School for Human Development, Inc. (Mead School), authorizing use of premises located at 1095 Riverbank Road, Stamford, for a non-public school.
The property was formerly used a number of years ago for a public school and the city of Stamford has agreed to sell the property to the Mead School, subject to zoning contingencies. The subject premises consisting of approximately 14 acres is located in the RA-2 (two acre single family residential) zone, which permits private schools if approved by the ZBA as a special exception in accordance with section 4.1.3p, of the Stamford zoning regulations.[1]
Section 19.3.2 of the zoning regulations provides that special exceptions shall be granted by the ZBA "only upon a finding that the proposed use or structure. . . is in accord with the public convenience and welfare," after taking into account certain factors: (1) the location and nature of the proposed site including the proximity of existing dwellings; (2) the nature and intensity of the proposed use in relation to the surrounding area and neighborhood; (3) impact on traffic and the adequacy of off-street parking; (4) the nature of the surrounding area and whether the proposed use might impair its development; and (5) relationship with the Master Plan.
The ZBA held a public hearing on the Mead School's application on July 24, 1996, and on August 16, 1996, it unanimously granted the request for a special exception to permit the use of the subject premises for a non-public school. The decision stated that the proposed use was in accordance with the public convenience and welfare, and that, in arriving at its decision, the ZBA had considered the location and nature of the site, the nature and intensity of the proposed use, the impact on traffic, the adequacy of off-street parking, the nature of the surrounding area, and the city's Master Plan. The ZBA attached a number of conditions to its granting of the Mead School's application, including a direction that "the hours of operation shall be no earlier than 6:15 AM for the day care programs, nor later than 6 PM"[2]
The plaintiffs appealed the decision of the ZBA to this court in accordance with General Statutes § 8-8, alleging in their complaint of August 29, 1996, that they were aggrieved by the ZBA's approval of the Mead School's application in that the Mead CT Page 5044 School did not reveal in its application for a special exception its intention to conduct a child day care center in conjunction with the school use, nor was such use mentioned in the public notice of the hearing. The plaintiffs further contend that the Mead School failed to file a separate application for a child day care center, which is also a permitted use in the zone in question, but only if a special exception is granted. The plaintiffs also allege that the first occasion at which the Mead School referred to day care was at the public hearing, and for all these reasons, including lack of notice in either the application or the legal advertisement, they were not adequately prepared to oppose the child day care proposal at the public hearing.
General Statutes § 8-8 (a)(2)(b) provides that "any person aggrieved by a decision of a board may take an appeal." Proof of aggrievement is essential to a court's jurisdiction of a zoning appeal. Hughes v. Town Planning Zoning Commission,156 Conn. 505, 509, 242 A.2d 705 (1968). An "aggrieved person" is defined in § 8-8 (a)(1) as "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." Evidence was taken on this subject at a hearing on April 1, 1997, and the Fryds demonstrated that they owned property at 370 Rocky Rapids Road that is directly across the street from the subject premises and hence they are statutorily aggrieved. Eight other individuals living in the immediate area of the subject premises subsequently intervened in this appeal as plaintiffs, but so long as one plaintiff establishes aggrievement, the court has subject matter jurisdiction over the appeal. Nowicki v. Planning Zoning Board,148 Conn. 492, 495, 173 A.2d 386 (1961).
The standard of review by this court in connection with the granting of a special permit or exception was set forth very explicitly by the Appellate Court in Mobil Oil Corporation v.Zoning Commission, 30 Conn. App. 816, 819-20, 622 A.2d 1035
(1993). "The terms special permit and special exception have the same legal import and can be used interchangeably . . . A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations . . . The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the conditions necessary to protect the public health, safety, convenience, and property values . . . Acting in this administrative capacity, the [zoning commission's] function is to determine whether the applicant's CT Page 5045 proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and the statute are satisfied . . . The zoning commission has no discretion to deny the special exception if the regulations and statutes are satisfied . . . When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision . . . The zoning [commission's] action must be sustained if even one of the stated reasons is sufficient to support it." (Citations and internal quotation marks omitted.)
The issue presented by this appeal, however, is not the propriety of the granting of a special exception for a non-public school, a use which the plaintiffs do not oppose, but rather the planned use of the subject premises for a child day care center as well. The plaintiffs contend that not only does the application for a special exception not refer to day care, but it affirmatively states "[T]his is a resumption of a prior use with the only difference being that the proposed use is for a private school and the prior use was for a public school." The plaintiffs point out that the public school that formerly was located on the subject premises did not operate a day care center. The plaintiffs also argue that the newspaper notice of the public hearing on the Mead School's application did not refer to child day care, and that, in any event, the school is not entitled to conduct a day care program on the premises unless it first applies for and obtains a special exception because a "child day care center" is permitted in the subject zone only after the ZBA grants a permit pursuant to Section 4.1.3.e of the regulations.
The defendants, ZBA and the Mead School, claim that there is no necessity for a separate application for use of the premises for day care because non-public schools, such as the Mead School, may conduct a child day care program in conjunction with the school use. This argument involves Section 3.A.22a of the Stamford zoning regulations which defines a "child day care center" as "a place licensed by the State which offers or provides a program of supplementary care to more than twelve related or unrelated children outside their own homes on a regular basis for a part of the twenty-four hours in one or more days in the week." General Statutes § 19a-77, which is found in Chapter 368a relating to public health, uses the same definition but contains a subsection (b) that "[F]or registration and licensing requirement purposes, child day care services shall not include such [child day care] services which are . . . (2) CT Page 5046 administered by a private school which is in compliance with section 10-188 and is . . . accredited by an accrediting agency recognized by the state board of education." General Statutes § 10-188 requires private schools to file "attendance records" with the commissioner of education, and the Mead School is accredited by an agency approved by the state board of education.[3]
Since the state statute excludes the Mead School from the necessity of obtaining a license to conduct a child day care center, because it is a private school, it follows logically that there is no requirement that the school needs a special exception to conduct such a use. Only a child day care center that requires a license from the state in order to operate must obtain a special exception from the ZBA, but private schools can conduct such a center without ZBA approval.[4] Thus, the Mead School's proposal to conduct a child day care center is not within the definition of a "child day care center" in Section 4.1.3e of the regulations.
It is axiomatic that in an administrative appeal, the plaintiff has the burden of proving "that substantial evidence does not exist in the record as a whole to support the agency's decision." Samperi v. Inland Wetlands Agency, 226 Conn. 579, 587,628 A.2d 1286 (1993). The plaintiffs in the present case have not sustained their burden in this regard. The approval of the day care use as an adjunct to the school use was within the ZBA's competence and should not be disturbed by this court. This finding obviates any requirement that the public notice refer to the proposed day care use. Since such day care use does not require a special exception, the notice that a private school was proposed on the subject premises gave sufficient notice that the applicant, Mead School, might well have plans to have a football team, a band, or, in this case, a day care operation.[5] The application for a special exception indicates that there was a public school previously located on the premises and now a private school was proposed. The applicant, Mead School, did not preclude its school from conducting activities that the ZBA considered incidental to the permitted school use. Hence, the ZBA imposed restrictions on the hours the day care program could operate just as it imposed conditions on, for example, social events.
In summary, a private or non-public school is a permitted use in the zone where the subject property is located, provided CT Page 5047 special exception approval is granted by the ZBA. Certain standards are established for the granting of special exceptions, and the defendant ZBA concluded that the applicant, the Mead School, had complied with these special exception standards. "The zoning commission has no discretion to deny the special exception if the regulations and t statutes are satisfied." (Citations omitted.) Felsman v. Zoning Commission, 31 Conn. App. 674, 678,626 A.2d 825 (1993). "The function of a special permit is to allow property owners to use their property as expressly permitted by zoning regulations, subject only to the protection of public health, safety, convenience, and surrounding property values . . . There is no evidence in the record before the zoning commission that the public health, the public's safety or convenience, or property values in the area as a whole would be detrimentally affected by the plan of the plaintiff submitted to the zoning commission." (Citation omitted.) Irwin v. Planning Zoning Commission, 45 Conn. App. 89, 101 (1997).
With reference to the ZBA's determination that the proposed child day program did not require a separate special permit application because of the definition of such a program contained in its own regulations, it is also clear that the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission on Hospital HealthCare, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed,479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Accordingly, the appeal of the plaintiffs is dismissed and the decision of the defendant ZBA is affirmed. Costs are to be taxed by the clerk.
LEWIS, J.