[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The plaintiffs, Alpine Realty, LLC and The Price Company, applied to the defendant Planning and Zoning Board of the City of Milford, seeking a special permit and site plan approval for the construction of a gasoline dispensing facility at 1722 Boston Post Road. CT Page 11989
The property, which consists of 1.189 acres and abuts the Costco Warehouse facility, is located in a G-1 zone.
A gasoline station is a permitted use in a G-1 zone, subject to obtaining a special permit, and site plan review.
The proposal calls for a three island facility devoted to the sale of unleaded and premium gasoline.
Two 20,000 gallon underground storage tanks are contemplated.
Access to the site is from the Costco access road, and traffic will not be permitted to go directly from the site, on to the Boston Post Road (U.S. 1).
There will be no servicing of cars on the premises, or the sale of related petroleum products (ROR r, p. 204).
At the time of the application in August 2000, the plaintiff, Alpine Realty, LLC was the owner of the parcel, while The Price Company was a contract purchaser.
A public hearing, covering both the special permit application and review of the site plan was properly noticed, and was conducted on September 19, 2000.
On November 8, 2000, the board voted, 8-1, to deny the application for a special permit, citing three specific reasons (ROR O).
The three reasons cited by the board in support of its decision to deny the special permit were:
 1. The site can only be accessed from a private drive which leads to the Costco Warehouse Center at 1718 Boston Post Road.
 2. The sale of gas will be limited to Costco Wholesale card holders and customers only.
 3. The acquisition of an adjacent site by the same corporate entity which already sells alcoholic beverages for the express purpose of selling gasoline is prohibited by Section 5.4.5 and 5.4.51 of the Milford Zoning Regulations.
CT Page 11990
The denial of the special permit request also had the effect of denying the site plan application, which was dependent upon approval of the special permit.
Both plaintiffs have brought this appeal.
In its brief dated June 25, 2001, the defendant Planning and Zoning Board of the City of Milford did not address any of the reasons stated in support of its decision to deny the special permit application and the accompanying site plan.
Instead, the board argues that the appeal should be dismissed, claiming that the plaintiffs failed to comply with § 7.2.1(2) of the Milford Zoning Regulations, because the application was not reviewed by the Milford Police Department.
Section 7.2.1(2) reads:
 "(2) plans shall be reviewed by the Police Department with regard to public safety and traffic conditions. Such review shall be set forth in a report detailing existing or anticipated traffic conditions and/or hazards on streets leading to the site, ingress and egress to the site, and any other public safety considerations.
The plaintiffs then filed a request, pursuant to § 8-8 (j)[1]
of the Connecticut General Statutes, to supplement the record.
At a hearing conducted on the plaintiffs motion, counsel for the board conceded that none of the three reasons cited by the board in support of its denial of the special permit were legally sufficient (Tr., July 16, 2001 hearing, p. 17).
The defendant contends, however, that the court is not limited to considering the reasons, stated by the board for its denial of the special permit, but may search the record to determine whether any independent basis supports the decision.
The motion to supplement the record was denied, and an aggrievement hearing was conducted on August 22, 2001.
AGGRIEVEMENT
At the time of the public hearing, the plaintiff Alpine Realty, LLC was the owner of the property for which the special permit is sought, while CT Page 11991 The Price Company was a contract purchaser.
Subsequent to the board's decision, and prior to trial, the plaintiff Alpine Realty, LLC conveyed its interest in the property to The Price Company.
The deed was recorded on February 28, 2001, Volume 2454, page 235-236 (Exhibit 1)
The question of aggrievement is one of fact. Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 508 (1968).
Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307 (1991)
A party claiming to be aggrieved must produce evidence at trial which satisfies a two-fold test: 1) the party must demonstrate a specific personal and legal interest in the decision appealed from, as distinct from a general interest such as concern of all members of the community as a whole, and 2) the party must show that the personal and legal interest has been specifically and injuriously affected by the action of the agency. Primerica v. Planning Zoning Commission, 211 Conn. 85, 93
(1989); Hall v. Planning Commission, 181 Conn. 442, 444 (1980)
An appellant's interest in property must be sustained throughout the course of the appeal. Craig v. Maher, 174 Conn. 8, 9 (1977)
A contract purchaser of real property, like the plaintiff The Price Company, has a sufficient interest in the property to apply for a special exception. Shapero v. Zoning Board, 192 Conn. 367, 376 (1984); Goldfieldv. Planning Zoning Commission, 3 Conn. App. 172, 177 (1985)
Ownership of property which is the subject of the application, demonstrates a specific personal and legal interest in the subject matter of the decision. Huck v. Inland Wetlands Watercourse Agency,203 Conn. 525, 530 (1987)
Because the plaintiff, The Price Company, was a contract purchaser at the time the application was before the Planning and Zoning Board of the City of Milford, and is now the record owner of the property, it is aggrieved by the denial of the application for a special exception.
Although the plaintiff, Alpine Realty, LLC was aggrieved at the time of the application and the public hearing, it conveyed its interest in the property to the plaintiff, The Price Company, while the appeal was CT Page 11992 pending.
A plaintiff having a sufficient interest when an appeal is taken can lose that interest, by conveying the property in question. Southbury v.American Builders, Inc., 162 Conn. 633, 634 (1972)
Because it conveyed its interest in the property to The Price Company, the plaintiff Alpine Realty, LLC is not aggrieved by the decision of the defendant Planning and Zoning Board of the City of Milford.
However, because the plaintiff, The Price Company is aggrieved, the court has jurisdiction to entertain the appeal. Concerned Citizens ofSterling, Inc. v. Connecticut Siting Council, 215 Conn. 474, 479 (1990)
STANDARD OF REVIEW
The terms "special exception" and "special permit" are interchangeable. Beckish v. Planning Zoning Commission, 162 Conn. 11,15 (1971)
When acting upon an application for a special exception or a special permit, the planning and zoning commission acts in an administrative capacity, rather than in a legislative or quasi-judicial capacity. A.P.Holding Corporation v. Planning Zoning Board, 167 Conn. 182, 184-85
(1974); Farina v. Zoning Board of Appeals, 157 Conn. 420, 422 (1969)
Because a special permit allows a property owner to use the property in a manner expressly permitted by the zoning regulations, its function is limited to determining whether the proposed use is permitted by the zoning regulations, and whether the standards set forth in the regulations and the statutes are satisfied. Irwin v. Planning ZoningCommission, 45 Conn. App. 89, 96 (1997).
The commission's authority to issue special exceptions, or special permits is derived from § 8-2[2] of the General Statutes.
The zoning authority has no discretion to deny a special exception, if the regulations and the statutes are satisfied. Mobil Oil Corporation v.Zoning Commission, 30 Conn. App. 816, 819 (1993)
When considering a site plan application, a planning and zoning commission also sits in an administrative capacity. Goldberg v. ZoningCommission of the Town of Simsbury, 173 Conn. 23, 29 (1977).
A commission has no independent discretion beyond determining whether the plan, as presented, complies with the applicable regulations. CT Page 11993Kosinski v. Lawlor, 177 Conn. 420, 426-27 (1979).
The commission's powers are specifically limited pursuant to §8-3[3] of the Connecticut General Statutes, and if a plan as submitted conforms to the applicable regulations, the commission has no discretion or choice but to approve it. R.K. Development Corporation v. Norwalk,156 Conn. 369, 375-76 (1968)
General provisions cannot serve as the basis for denying a site plan application. TLC Development, Inc. v. Planning Zoning Commission of theTown of Branford, 215 Conn. 527, 532 (1990). The discretion exercised by an administrative agency must be controlled by fixed standards applying in all cases of a like nature. Sonn v. Planning Zoning Commission ofthe City of Bristol, 172 Conn. 156, 163 (1976)
COMMISSION'S REASONS ARE INSUFFICIENT TO SUSTAIN DECISION
The commission elected not to brief, or to argue on appeal that any reason it gave for denying the special exception was legally sufficient.
There is no requirement in the statutes or regulations that the site be accessed by a public road, and the applicant is free to limit sales to Costco Warehouse card holders.
The third reason given, that the same corporate entity can not sell gasoline and alcoholic beverages from adjoining sites, as prohibited by § 5.4.5 and 5.4.51 of the Milford Zoning Regulations, would form a sufficient basis, if supported by the record.
The record, however, reveals that the sites are owned by two different corporate entities (ROR r. p. 12-14)
Therefore, the defendant Planning and Zoning Board of the City of Milford has not provided a single reason, which would justify the denial of the requested special permit.
COURT SHOULD NOT GO BEYOND REASONS IN THE RECORD
The defendant asks the court to dismiss the appeal, for reasons other than those stated by the board in its collective statement of reasons.
In doing so, it asks the court to ignore the general rule, that when a zoning commission has formally stated the reasons for its decision, the court should not go beyond the official collective statement and attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the commission to reach the CT Page 11994 commission's final collective decision. DeMaria v. Planning ZoningCommission, 159 Conn. 534, 541 (1970); West Hartford InterfaithCoalition, Inc. v. Town Council, 228 Conn. 498, 513 (1994); Kaufman v.Zoning Commission, 232 Conn. 112, [232 Conn. 122], 143 (1995);Norwood v. Zoning Board of Appeals, 62 Conn. App. 528, 532 (2001);Central Bank for Savings v. Planning Zoning Commission, 13 Conn. App. 448,457 (1988).
The defendant points to the case of Stankiewicz v. Zoning Board ofAppeals, 15 Conn. App. 729 (1988), as authority for a court searching the record, even in those cases where a zoning authority has stated reasons for its decision.
Stankiewicz involved the granting of multiple variances by a zoning board of appeals, based upon its finding that the property in question was subject to a hardship, unique to that parcel.
The court affirmed the granting of the variances and dismissed the appeal, but declined to find that the hardship was unique, or different from hardships affecting other property in the immediate vicinity.
Instead, it found that the variances were properly granted, because the zoning regulations, as applied to the applicant's property, were confiscatory. Stankiewicz v. Zoning Board of Appeals, supra, 731.
In upholding the granting of the variances, and justifying its use of a reason not provided by the zoning board of appeals, the court stated:
 "If the board fails to give reasons for its actions, or if its reasons are inadeguate, the trial court must search the record to determine whether a basis exists for the action taken. Stankiewicz v. Zoning Board of Appeals, supra, 73.
Based upon the Stankiewicz language, the defendant Planning and Zoning Board of the City of Milford argues that the court must search the record to determine whether a valid reason exists to support the board's action, where the board has given reasons for its action, and those reasons are inadequate or invalid.
Section 8-3c(b)[4] of the General Statutes requires the zoning agency to articulate reasons for its decision when dealing with a special permit application. CT Page 11995
A similar requirement concerning a site plan review is mandated by § 8-3(a)[5] of the General Statutes.
Faced with a situation in which the land use agency has failed to comply with the statute, and has not cited any reasons in support of its decision, a court should search the entire record, to find a basis for the agency's decision. Protect Hamden/North Haven from Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527, 544
(1991); Grillo v. Zoning Board of Appeals, 206 Conn. 362, 369 (1988);Parks v. Planning Zoning Commission, 178 Conn. 657, 662 (1979)
Although Stankiewicz was affirmed by the Supreme Court in a per curiam
opinion,[6] the court has specifically declined to decide whether the decision is inconsistent with the general rule, as announced in FirstHartford Reartv v. Plan Zoning Commission, 165 Conn. 533, (1973) andDeMaria v. Planning Zoning Commission, supra. Protect Hamden/NorthHaven from Excessive Traffic Pollution, Inc. v. Planning ZoningCommission, supra, 545-46 n. 15.
To the extent that Stankiewicz is read to require a search of the entire record whenever the zoning authority has stated inadequate reasons to sustain its decision, it is directly contrary to the Appellate Court's decision in Allied Plywood, Inc. v. Planning Zoning Commission,2 Conn. App. 506 (1984)
Allied Plywood concerned an appeal from the denial of a site plan application by a planning and zoning commission.
In denying the site plan application, the commission claimed that the construction of the proposed building would infringe on nearby residential property, due to "the size and height of the building."
The trial court, although upholding the decision of the commission, did so because it determined that there was "insufficient buffer" to satisfy the zoning regulations.
The Appellate Court, after noting that the commission made no mention of the buffer zone in its stated reasons for denying site plan approval, found that it was clearly erroneous for the trial court to look behind the formal vote, and the reasons stated by the commission for its actions. Allied Plywood, Inc. v. Planning Zoning Commission, supra, 511.
The holding in Allied Plywood was reaffirmed by the Appellate Court in another case involving action by a zoning commission, Central Bank forSavings v. Planning Zoning Commission, 13 Conn. App. 448, 457 (1988) CT Page 11996
That case involved a change of zone, which had been approved by the commission.
Citing both Allied Plywood and DeMaria, the court held:
 "Where a zoning commission has formally stated the reasons for its decision, a court should not go beyond that official collective statement of the commission. It should not attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the commission toward the commission's final collective decision." Central Bank for Savings v. Planning Zoning Commission, supra, 457.
In its Stankiewicz opinion, the Appellate Court fails to mention AlliedPlywood, which was decided four years earlier.
The phrase employed in Stankiewicz, "or if its reasons are inadequate," has not been incorporated into subsequent decisions by either the Supreme Court or the Appellate Court, when discussing the proper role of the court when reviewing the decision of a municipal zoning agency. (seeWest Hartford Interfaith Coalition, Inc. v. Town Council, supra, Kaufmanv. Zoning Commission, supra)
The Appellate Court, without reference to Stankiewicz, has consistently reiterated the general rule that when an agency states its reasons for the record, a court should go no further, and may determine only if the reasons cited are supported by the record. Quality Sand Gravel, Inc.v. Planning Zoning Commission, 55 Conn. App. 533, 537 (1999); Norwoodv. Zoning Board of Appeals, 62 Conn. App. 528, 532 (2991)
The court believes that this case, in which the defendant sits in an administrative capacity, is governed by DeMaria, Allied Plywood, and cases decided subsequent to Stankiewicz, which do not incorporate the phrase "or its reasons are inadequate," when discussing the proper standard of judicial scrutiny.
To mandate a search of the record by the court in each instance where a commission's stated reasons are legally insufficient or inadequate, would compel a court to assume responsibilities properly committed to the members of the planning and zoning commission.
It serves to relieve the zoning authority of its statutory responsibility to set forth reasons for its decision, and encourages a court to assume the function of a municipal zoning official. CT Page 11997
Searching the record, in a case where no reasons are stated despite the statutory command, is undertaken only to prevent a decision with a solid basis in the record, from being rendered invalid solely because collective reasons were not stated in the record.
To supplement reasons given by the board, however, with justifications found by the court, would represent an inappropriate usurpation of the legitimate powers of municipal zoning officials by the courts.
Because it is acknowledged that none of the reasons stated by the defendant Planning and Zoning Board of the City of Milford are legally sufficient to sustain the decision, the appeal should be sustained on that basis.
ALTERNATIVE REASON ADVANCED BY COMMISSION NOT SUPPORTED BY THE RECORD
The defendant, for the first time on appeal, suggests that the decision of the board should be sustained, due top a failure to comply with the requirements of § 7.2.1(2) of the Milford Zoning Regulations.
Although not required to consider this issue, since it was not included by the board in its reasons for denying the special permit application, the court has searched the record, and considered the claim raised on appeal.
The defendant's claim concerning the alleged failure to comply with § 7.2.1(2) is not sufficient to support the denial of the special permit and the site plan submitted by the plaintiffs.
Despite discussion during the course of the public hearing concerning the lack of a referral to the Milford Police Department, the board failed to cite the lack of a referral as a reason for rejecting the special permit application.
During the September 19, 2000 public hearing, Attorney Robert Berchem, representing the applicants, presented a traffic study to the board (ROR k)
He specifically called the commission's attention to the fact that Peter Crabtree, the city planner, had not sent the application to the police department for review, because the impact was not significant, and the facility would only be used by Costco Warehouse customers. (ROR r. p. 25).
The regulations contain a provision, § 7.2.11, permitting a CT Page 11998 waiver of the provisions of § 7.2 of the regulations.
The failure to mention the lack of a referral in its reasons for denying the special permit, indicates that the commission, although aware of the lack of a police department review, did not consider that fact significant.
Furthermore, the regulations, § 7.1.1.1, provide that plans will be distributed to municipal agencies "as required by the reviewing officer."
Peter Crabtree determined not to refer the plans for a review, based upon the circumstances of the special permit application.
Even if the referral to the police department had not been waived by both the board and the city planner, Peter Crabtree, the lack of a report from the police department is not fatal to the plaintiff's application.
Although any report could be considered by the board it would not be binding on the board, and would have no effect upon the question of whether all substantive portions of the regulations had been satisfied.
Neither the reasons set forth by the defendant in the record, or the claim raised at trial, demonstrate that any provision of the applicable zoning regulations has not been satisfied.
A review of the record fails to uncover any provision of the regulations applicable to a special permit, with which the applicant failed to comply. (ROR r. p. 19-20)
Therefore, even if the court were permitted to search the record in this instance, that search fails to reveal any basis for sustaining the decision of the defendant Planning and Zoning Board of the City of Milford.
CONCLUSION
The appeal of the plaintiff, The Price Company, is SUSTAINED.
The defendant Planning and Zoning Board of the City of Milford is ordered to approve the application for a special permit and the site plan, as presented by the plaintiff.
RADCLIFF, J.