MOSHE FELSMAN *v.* ZONING COMMISSION OF THE
CITY OF BRIDGEPORT
(11083)

DUPONT, C. J., O'CONNELL and LAVERY, Js.

Argued April 5--decision released June 22, 1993

*Barbara Brazzel-Massaro,* associate city attorney, with whom, on the brief, was *John H. Barton,* appellant (defendant).

LAVERY, J. This appeal arises from the denial by the defendant zoning commission of the city of Bridgeport of the plaintiff's application for a special exception to permit the construction of a twelve unit apartment building with thirty on-site parking spaces in a residence C zone. The trial court sustained the plaintiff's appeal. On appeal to this court, the defendant claims that the trial court improperly (1) ruled sua sponte that the defendant's regulations regarding special exceptions are unconstitutional, (2) ruled that the facts in this case satisfied the exception in *Helbig* v. *Zoning Commission,* 185 Conn. 294, 440 A.2d 940 (1981), and that *Helbig* has overruled *Bierman* v. *Westport Planning & Zoning Commission,* 185 Conn. 135, 440 A.2d 882 (1981), and (3) reversed the decision of the defendant

in finding that it did not have discretion to determine the effects of parking and overintensification.

We agree that the trial court improperly found that the standards in chapter 8, § 2 (c),[1] of the Bridgeport zoning regulations do not pass the constitutional test necessitating ascertainable standards, but we agree with the trial court that the reason stated for the denial by the defendant, that the granting of the petition would result in an "overuse of the property," is not sustained in the record. We therefore affirm the judgment of the trial court.

The pertinent facts are as follows. On July 7, 1989, the plaintiff, Moshe Felsman, filed an application for a special exception to build a twelve unit, three story apartment house. The plaintiff sought to erect a building that he could combine for management and parking purposes with a three unit building on an adjoining lot. The property is in a residence C zone. The Bridge-

---

[1] The plaintiff sought a special permit pursuant to chapter 8, § 2 (c), of the Bridgeport zoning regulations. Chapter 8 provides in pertinent part: "Section 2. Permitted Uses. No building or premises shall be erected or structurally altered which is arranged, intended or designed to be used, except for one or more of the following purposes:

"(a) Any use permitted in a Residence A, Residence B or Residence BB Zone.

"(b) If permitted as a special exception by the Zoning Board of Appeals, any use permitted in a Residence A, Residence B or Residence BB Zone as a special exception.

"(c) Multiple family dwellings or apartment houses subject to the requirements of Chapter 16 if permitted by the Zoning Commission as a Special Exception. The development of land for such apartments as defined in Section 7 of Chapter 16 shall take into account, the size and intensity of such development and its effect upon the surrounding properties; the capacity of the adjacent and nearby intersecting streets to handle peak traffic loads and hazards created by the use; the extent, nature and arrangement of parking facilities; the location of driveway entrances and exits; fire access lanes and hazards involved. The Zoning Commission in approving such development may impose reasonable conditions and limitations on the parking areas, on the front, side and rear yards to be provided in excess of the requirements of this Chapter to lessen further impact upon the neighborhood."

port regulations permit an apartment house as a special exception. Chapter 8, § 2 (c), of the regulations directs the defendant to consider the size and intensity of the development and its effect on surrounding properties; the capacity of adjacent and nearby streets to handle peak traffic loads and hazards created by the use; the extent, nature and arrangement of parking facilities; the location of driveway entrances and exits; fire access lanes and hazards involved. The defendant is permitted by chapter 8, § 2 (c), to impose reasonable conditions and limitations on parking areas that are in excess of the requirements of the chapter. Apartment houses are also subject to chapter 16 of the Bridgeport zoning regulations which requires, inter alia, 150 square feet of parking for each apartment.

At the conclusion of a public hearing on September 25, 1989, the defendant commission voted unanimously to deny the petition stating, "the granting of this petition would result in an overuse of the property."

The defendant appealed to the Superior Court which sustained the appeal and found: (1) the plaintiff complied with all the ascertainable regulations and standards applicable to his application; (2) the record fails to show that the plaintiff's application violated any zoning regulations; (3) chapter 8, § 2 (c), of the Bridgeport zoning regulations, when applied as standards for the granting of a special permit, "does not pass the constitutional test necessitating ascertainable standards." *Helbig* v. *Zoning Commission,* supra, 315.

In *Mobil Oil Corporation* v. *Zoning Commission,* 30 Conn. App. 816, 819–20, 622 A.2d 1035 (1993), we said: "The terms special permit and special exception have the same legal import and can be used interchangeably. . . . A special permit allows a property owner to use his property in a manner expressly permitted by

the local zoning regulations. . . . The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the conditions necessary to protect the public health, safety, convenience, and property values. . . . Acting in this administrative capacity, the [zoning commission's] function is to determine whether the applicant's proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and the statute are satisfied. (Citations omitted; internal quotation marks omitted.) *A.P. & W. Holding Corporation* v. *Planning & Zoning Board,* 167 Conn. 182, 185, 355 A.2d 91 (1974).

"The zoning commission has no discretion to deny the special exception if the regulations and statutes are satisfied. . . . When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. . . . The zoning [commission's] action must be sustained if even one of the stated reasons is sufficient to support it. (Citations omitted.) *Daughters of St. Paul, Inc.* v. *Zoning Board of Appeals,* 17 Conn. App. 53, 56–57, 549 A.2d 1076 (1988)." (Internal quotation marks omitted.)

The trial court determined that the stated reason, "overuse of the property," was not sufficient to support the defendant's decision not to grant the special exception. We agree.

The standards set forth in chapter 8, § 2 (c), do not mention "overuse of the property," but the regulations do require the defendant to consider the intensity of a proposed use. The trial court treated the reason given by the defendant as if no reason were given and searched the record to find a basis for the defendant's decision. *A.P. & W. Holding Corporation* v. *Planning & Zoning Board,* supra, 186. The trial court thoroughly

reviewed the record and analyzed it in the light of the regulations and found nothing in the record that showed that the plaintiff did not conform to the standards set forth in the regulation. The trial court did not have to go that far. The defendant stated a reason, "overuse of the property," but there is nothing in the record to sustain that finding. The use is permitted, all the height, side yard and setback provisions of the zoning regulations are complied with, and there is more parking provided than is required.[2]

The word "overuse" is defined in Webster, Third New International Dictionary, as "excessive use." Overuse of a parcel is a valid consideration for the defendant, as the zoning regulations specifically require the defendant to consider the "size and intensity of [a proposed] development and its effect upon the surrounding properties."

In light of the contents of the record filed by the defendant, the trial court was correct in concluding that there was not substantial evidence to uphold the decision of the defendant on the basis that there was an overuse of the property. There was no evidence that the project would be too intense for the neighborhood.

---

[2] Chapter 8, § 2 (c) incorporates the requirements of chapter 16, including chapter 16, § 3, which provides in pertinent part:

"Section 3. Parking Areas. The following provisions shall be made for such automobile parking, the designated space to be exclusive of the driveways and the lanes by which ingress and egress to and from such parking space may be obtained:

"(a) For any apartment house as hereinafter defined, 150 square feet of parking space for each apartment.

\* \* \*

"(i) If there shall be any conflict between the parking requirements of this chapter as to any of the foregoing uses and the parking requirements of the Garden Apartment, Residence Apartment, Business Number 4 or Business Number 3 Zones, that provision which shall require the greater parking area shall take precedence and be controlling."

The only evidence was that the architect testified, "It will be very contiguous with the neighborhood as far as the architecture is concerned . . . ." There is nothing in the record to show that the defendant relied on anything other than what is in the record.

Although the members of the defendant commission were entitled to take into consideration whatever knowledge they acquire by personal observation; *Gulf Oil Corporation* v. *Board of Selectmen,* 144 Conn. 61, 66, 127 A.2d 48 (1956); there is nothing in the record of the proceedings of the defendant commission to show whether any of its members had viewed the property or had any knowledge of it.[3] Further, there is nothing in the record to show what the defendant relied on in concluding that the granting of the application would result in overuse. "If an administrative agency chooses to rely on its own judgment it has a responsibility to reveal publicly its special knowledge and experience, to give notice of the material facts that are critical to its decision, so that a person adversely affected thereby has an opportunity for rebuttal at an appropriate stage in the administrative proceeding." *Feinson* v. *Conservation Commission,* 180 Conn. 421, 428–29, 429 A.2d 910 (1980). We agree with the trial court that there was nothing in the record to substantiate the denial of the plaintiff's application.

---

[3] In its answer and return of record, the defendant states in paragraph three: "The exhibits and record described in paragraphs 1 and 2 hereof, constitute a portion of the record of and upon which the defendant Zoning Commission of the City of Bridgeport acted, except such factors as were disclosed to the defendant Zoning Commission of the City of Bridgeport by its examination of the premises described in said petition and the locality thereof immediately prior to the public hearing held by it thereon and the testimony received by the Zoning Commission at the time of the public hearing."

This is the pleading filed by the defendant's attorney. There is nothing in the record to indicate a site visitation or any decision based on observation or personal knowledge.

We disagree, however, with the trial court's finding that the regulations did not pass "the constitutional test necessitating ascertainable standards."

We recently reviewed a trial court's sua sponte determination that the regulation was impermissibly vague and, therefore, unconstitutional. *Connecticut Health Facilities, Inc.* v. *Zoning Board of Appeals,* 29 Conn. App. 1, 5–6, 613 A.2d 358 (1992). The reasoning we set forth in that opinion is equally applicable here, and we adopt it in this case: "The plaintiffs failed to argue or brief the issues of vagueness and unconstitutionality of the standards at the trial court. Rather, the trial court raised them sua sponte. In *Barberino Realty & Development Corporation* v. *Planning & Zoning Commission,* 222 Conn. 607, 620, 610 A.2d 1205 (1992), our Supreme Court stated, '[w]e have held that the burden of showing that regulations are unconstitutionally vague rests with the plaintiff. *Russo* v. *East Hartford,* 179 Conn. 250, 257, 425 A.2d 1282 (1979), cert. denied, 445 U.S. 940, 100 S. Ct. 1334, 63 L. Ed. 2d 773 (1980); see also *Kellems* v. *Brown,* 163 Conn. 478, 486, 313 A.2d 53 (1972), appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678 (1973). Moreover, the plaintiff is required to show that the regulation complained of is impermissibly vague as applied to the facts of the particular case. *Bombero* v. *Planning & Zoning Commission,* 218 Conn. 737, 743, 591 A.2d 390 (1991); see also *Ghent* v. *Planning Commission,* [219 Conn. 511, 518, 594 A.2d 5 (1991)]. The plaintiff has not met these burdens in this appeal.'

"In this case, the plaintiffs never alleged that the regulations were vague or unascertainable nor did they demonstrate that the regulations were vague as applied to the facts of this case. A zoning commission acts in an administrative capacity in its review of an application seeking a special permit use. *Sheridan* v. *Planning Board,* 159 Conn. 1, 16, 266 A.2d 396 (1969). Connect-

icut courts have never held that a zoning commission lacks the ability to exercise discretion to determine whether the general standards in the regulations have been met in the special permit process." *Connecticut Health Facilities, Inc.* v. *Zoning Board of Appeals,* supra, 5–6.

As did the plaintiff in *Connecticut Health Facilities, Inc.* v. *Zoning Board of Appeals,* supra, the plaintiff in the present case failed to raise the issue of unconstitutional vagueness during the proceedings. For the same reasons stated in *Connecticut Health Facilities, Inc.,* we conclude, therefore, that the trial court improperly held, sua sponte, that Bridgeport's discretionary standards for special exceptions to the zoning regulations are unconstitutional.

The judgment is affirmed.

In this opinion the other judges concurred.