[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
1. Procedural History
The plaintiff, Somers Historic Mill Associates, appeals a decision of the defendant, Town of Somers Zoning Commission (Commission), denying its application for a Special Use Permit for the conversion of a mill building to residential use following public hearings held on June 19, 1991, July 22, 1991, and August 12, 1991 and a duly noticed meeting held on October 7, 1991. The CT Page 2860 Town of Somers Zoning Commission acted pursuant to section 5.03.10 of the Somers Zoning Regulations. The plaintiff appeals pursuant to Connecticut General Statutes §§ 8-8 and 8-9.
The court finds that the commission relied upon materials received after the close of the public hearings in rendering its decision. In fact, that information is a material part of its decision. The plaintiff did not have a reasonable opportunity to respond to that material.
The court, therefore, remands the matter to the Somers Zoning Commission, to allow the plaintiff the opportunity to respond to the issues raised by (1) the town sanitarian in a letter dated August 7, 1991, and (2) the town consulting engineer in a memorandum dated August 22, 1991.
2. Facts
On October 15, 1991, notice of the Commission's decision was published in the Journal Inquirer newspaper. (Return of Record [ROR], Exhibit E-3(d).) On October 29, 1991, the plaintiff served the Commission by leaving attested copies of the complaint-appeal, the prayer for relief and the bond for prosecution with Claire Walker at the office of the Town Clerk, Town of Somers, Connecticut, and Joseph Paradis, Vice Chairman of the Somers Zoning Commission. The appeal was filed with the clerk of the Superior Court on November 12, 1991.
The plaintiff claims that the Commission acted unreasonably, arbitrarily, illegally or in abuse of its discretion by denying the plaintiff's special use permit application. Specifically, the plaintiff claims that it had made a proper record for approval of its application based upon the reliable, probative and substantive evidence in the record.
The plaintiff, Somers Historic Mill Associates, Inc., a Connecticut Corporation, is the record owner of a certain piece or parcel of land located in the town of Somers, containing 5.56 acres, with the buildings and improvements thereon, known as 40 Maple Street. (ROR, Exhibit E-1, Special Use Permit Application of Somers Historic Mill Associates, Inc. to Zoning Commission, date received June 13, 1991.) The above mentioned property is also known as the Somersville Mill. (ROR, Exhibit E-1, Special Use Permit Application of Somers Historic Mill Associates, Inc. to Zoning Commission, date received June 13, 1991.) CT Page 2861
On March 20, 1991, the plaintiff applied to the Town of Somers Zoning Commission (Commission) for approval of an Application for a Special Use Permit for conversion of the mill building to residential use pursuant to section 5.03.10 of the Town of Somers Zoning regulations. (ROR, Exhibit E-1, Special Use Permit Application of Somers Historic Mill Associates, Inc. to Zoning Commission, date received June 13, 1991.) On June 19, July 22, and August 12 of 1991, the Commission held public hearings on the plaintiff's Special Use Permit application. (ROR, Exhibit D-1, Public Hearing Transcript dated June 17, 1991; Exhibit D-2, Public Hearing Transcript dated July 22, 1991; and Exhibit D-3, Public Hearing Transcript dated August 12, 1991.) On October 7, 1991, the Commission held a duly noticed meeting to consider the plaintiff's Special Use Permit application. (ROR, Exhibit D-4, Transcript of Deliberations and Decisions of Somers Zoning Commission Re: Special Permit Action dated October 7, 1991.)
On October 7, 1991, the Commission denied the application without prejudice on the following grounds: (1) The plaintiff did not meet the conditions listed by the Water Pollution Control Authority (WPCA) as indicated in the letter from the Somers Sanitarian dated August 7, 1991 and addressed to the Somers Zoning Commission, and (2) the plaintiff failed to satisfactorily respond to the town engineer's report and comments upon which the Somers Planning Commission's recommendation was contingent. (ROR, Exhibit D-4, Transcript of Deliberations and Decisions of Somers Zoning Commission Re: Special Permit Action dated October 7, 1991.)
3. Jurisdiction
 A. Aggrievement
General Statutes § 8-8(a)(1) provides that "'aggrieved person' means a person aggrieved by a decision of a board." Our Appellate Court has held: "[p]leading and proof of aggrievement [are] prerequisite[s] to a trial court's jurisdiction over the subject matter of an appeal." (Internal quotation marks omitted.)DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373,588 A.2d 244 (1991). Further, that "[t]he question of aggrievement is essentially one of standing." Id., citing Beckish v. Manafort,175 Conn. 415, 419, 399 A.2d 1274 (1978). "Aggrievement presents a question of fact for the trial court." (Internal quotation marks omitted.) McNally v. Zoning Commission, 225 Conn. 1, 7,621 A.2d 279 (1993). "To be an aggrieved person, one must be affected CT Page 2862 directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specially or injuriously affected as to property or other legal rights." Smith v. Planning Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128 (1987). An owner of the subject property is aggrieved and may bring an appeal.Winchester Woods Associates v. Planning and Zoning Commission,219 Conn. 303, 308, 592 A.2d 953 (1991).
In the present case, the plaintiff is aggrieved by the decision of the Commission, because it affects its rights as a property owner to use and develop its property.
B. Timeliness
Any and all appeals must be "commenced by service of process . . . within fifteen days from the date that notice of the decision was published as required by the general statutes." General Statutes § 8-8(b). In the present case, notice of the decision of the Commission was published in the Journal Inquirer on October 15, 1991. (ROR, Exhibit E-3(d), Legal Notice of Somers Zoning Commission to appear in Journal Inquirer on October 15, 1991.) On October 29, 1991, the plaintiff served the Commission by leaving attested copies of the complaint-appeal, the prayer for relief and the bond for prosecution with Claire Walker at the office of the Town Clerk, Town of Somers, Connecticut, and Joseph Paradis, Vice Chairman of the Somers Zoning Commission. The court, therefore, finds that the present appeal was filed in a timely manner.
4. Law
 A. Scope of Judicial Review
A "trial court may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers." (Internal quotation marks omitted.) Frito-Lay, Inc. v. Planning Zoning Commission,206 Conn. 554, 572-73, 538 A.2d 1039 (1988). Thus, the standard to be applied by the trial court is "whether the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Internal quotation marks omitted.) Smith v. ZoningBoard of Appeals, 227 Conn. 71, 80, 629 A.2d 1089 (1993), cert. denied, 114 S.Ct. 1190 (1994). "The trial court may not retry the case or substitute its judgment for that of the agency." (Internal CT Page 2863 quotation marks omitted.) Id. "The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached."DeBeradinis v. Zoning Commission, 228 Conn. 187, 198, 635 A.2d 1220
(1994). "The action of the. . . [board] should be sustained if even one of the stated reasons is sufficient to support it." Id., 199. "When a Zoning Commission states the reasons for its action, the question for the court to decide on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the Commission is required to apply under the zoning regulations." (Internal quotation marks omitted.) DeMaria v. Enfield Planning and ZoningCommission, 159 Conn. 534, 540, 271 A.2d 105 (1970). The failure of the zoning authority to state its reasons upon the record is not fatal; the court must search the record to see if it supports the decision. A.P. W. Holding Corp. v. Plan and Zoning Commission,167 Conn. 182, 186, 355 A.2d 91 (1974). When the . . . board does formally state the reasons for its decision, the court may not probe beyond them." DeMaria v. Planning Zoning Commission, supra, 159 Conn. 541.
"The burden of proof is on the plaintiff to demonstrate that the board acted improperly." Spero v. Zoning Board of Appeals,217 Conn. 435, 440, 586 A.2d 590 (1991).
B. Issues
The plaintiff claims that it was legally precluded from responding to the town sanitarian's letter to the commission dated August 7, 1991, because the letter was not made known to the plaintiff until it was presented on the final evening of the public hearing. The plaintiff also claims that it was legally precluded from responding to the town consulting engineer's communications to the commission dated August 22 and 27, 1991 because the communications post-dated the hearing. The plaintiff claims that the Commissions's denial of its application based on the plaintiff's failure to so respond was itself unlawful.
The defendant counters that their use of reports from the town sanitarian and town engineer does not render their decision invalid. The defendant argues that as a municipal administrative board composed of laymen, it is entitled to technical and professional assistance concerning matters outside the scope of its expertise. The defendant further argues that since the plaintiff failed to respond to the defendant's requests that the plaintiff CT Page 2864 provide information concerning the defendant's communications with the town engineer and town sanitarian, the plaintiff was not legally precluded from responding to issues raised by the town, engineer after the hearing.
The plaintiff next claims that the communications to the commission made by the town's consulting engineer dated August 22 and 27, 1991 contained information and analysis not in evidence. The plaintiff further alleges that the commission clearly relied on the information not in evidence in denying the plaintiff's application, and therefore such ex parte communications were unlawful. The defendant counters that the information contained in the town sanitarian's August 7, 1991 letter and the town engineer's August 22, 1991 memorandum was a summary of issues previously before the commission, and the receipt of these letters and their use in the commission decision-making process was lawful.
C. Discussion
An authority which is composed of laypersons may utilize professional and technical assistance in performing its duties.Spero v. Zoning Board of Appeals, supra, 217 Conn. 444; Frito-Lay,Inc. v. Planning and Zoning Commission, supra, 206 Conn. 571. "A municipal administrative agency, composed of laymen, is entitled to technical and professional assistance regarding matters beyond its expertise. . . ." (Internal quotation marks and citations omitted.)Norooz v. Inland Wetlands Agency, 26 Conn. App. 564, 569,602 A.2d 613 (1992). "The use of such assistance, however, cannot be extended to the receipt, ex parte, of information supplied by a party to the controversy without affording his opposition an opportunity to know of the information and to offer evidence in explanation or rebuttal." Pizzola v. Planning and ZoningCommission, 167 Conn. 202, 208, 355 A.2d 21 (1974). "Due process of law requires that the parties involved have an opportunity to know the facts on which the [agency] is asked to act, to cross-examine witnesses and to offer rebuttal evidence." Norooz v.Inland Wetlands Agency, supra, 26 Conn. App. 569. "The [agency] could not properly consider additional evidence submitted by [a party] after the public hearing without providing the necessary safeguards guaranteed to [an opposing party] and to the public." Id.
"The proper inquiry for a reviewing court, when confronted with an administrative agency's reliance on non-record information provided by its technical or professional experts, is a CT Page 2865 determination of whether the challenged material includes or is based on any fact or evidence that was not previously presented at the public hearing in the matter." Id., 573-74. Where the commissions's action is adequately supported by reasons not based on post-hearing evidence, the receipt of such allegedly tainted evidence may constitute harmless error. First Hartford RealtyCorp. v. Plan and Zoning Commission, 165 Conn. 533, 545,338 A.2d 490 (1973).
The plaintiff further argues that the commission acted illegally, arbitrarily and in abuse of its discretion, in that the plaintiff had made a proper record for approval of its Special Use Permit application based upon the reliable, probative and substantive evidence in the whole record. The defendant counters that the record supports the denial of the plaintiff's application.
"The basic rationale for the special permit . . . is that while certain land uses may be generally compatible with the uses permitted as of right in a particular zoning district, their nature is such that their precise location and mode of operation must be individually regulated because of the particular topography, traffic problems, neighboring uses, etc., of the site." WhisperWind Development Corp. v. Planning and Zoning Commission,32 Conn. App. 515, 519, 630 A.2d 108, aff'd, 229 Conn. 176, 640 A.2d 100
(1994). "The proposed use. . . must satisfy standards set forth in the zoning regulations themselves as well as any conditions necessary to protect the public health, safety, convenience and property values. (Internal quotation marks omitted.) HousatonicTerminal Corp. v. Planning and Zoning Board, 168 Conn. 304, 307,362 A.2d 1375 (1975).
"When ruling upon a special exception, a planning and zoning board acts in an administrative capacity," and its function is simply "to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply." (Internal quotation marks omitted.)Double I Limited Partnership v. Planning and Zoning Commission,218 Conn. 65, 72, 588 A.2d 624 (1991); see also Whisper WindDevelopment Corporation v. Planning and Zoning Commission, supra,32 Conn. App. 524. "The zoning commission has no discretion to deny the special exception if the regulations and statutes are satisfied." Felsman v. Zoning Commission, supra, 31 Conn. App. 674,678, 626 A.2d 825 (1993). CT Page 2866
"In applying the law to the facts of a particular case, the board is endowed with liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Double I Limited Partnershipv. Planning and Zoning Commission, supra, 218 Conn. 72; see alsoDaughters of St. Paul Inc. v. Zoning Board of Appeals, 17 Conn. App. 53,56, 549 A.2d 1076 (1988). The zoning authority's action is arbitrary and illegal if the regulation in question is construed beyond the fair import of its language. Double I LimitedPartnership v. Planning and Zoning Commission, supra, 218 Conn. 72.
As previously noted, a municipal administrative agency, "composed of laymen, is entitled to technical and professional assistance regarding matters beyond its expertise." Spero v.Zoning Board of Appeals, supra, 217 Conn. 435. "This entitlement is necessarily implied in the legislation creating the board and setting forth its duties." Id. The issue in the present case, however, "is whether such assistance may be provided to a local administrative agency outside the confines of the hearing in a manner insulated from review, comment or cross-examination by a party to the proceeding." Norooz v. Inland Wetlands Agency, supra,26 Conn. App. 569.
"Our law clearly prohibits the use of information by a municipal agency that has been supplied to it by a party to a contested hearing on an ex parte basis." (Emphasis omitted.) Id. "While proceedings before [municipal agencies] are informal and are conducted without regard to the strict rules of evidence. . .they cannot be so conducted as to violate the fundamental rules of natural justice." Id.
"Due process of law requires that. . .the parties involved have. . .an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." Huck v. Inlands Wetlands Watercourses Agency,203 Conn. 525, 536, 525 A.2d 940 (1987). "The [agency] could not properly consider additional evidence submitted by [a party] after a public hearing without providing the necessary safeguards guaranteed to [an opposing party] and to the public." Pizzola v.Planning Zoning Commission, supra, 167 Conn. 207. "This means a fair opportunity to cross-examine witnesses, to inspect documents presented and to offer evidence in explanation or rebuttal." Id. "Not to do so would deny those [supporting or] opposing the application the right to be fully apprised of the facts on which the [agency] is asked to act." Norooz v. Inland Wetlands Agency, CT Page 2867 supra, 26 Conn. App. 570.
"Thus, technical and professional assistance to which an administrative agency is entitled does not include the receipt, ex parte, of information supplied by a party to the controversy without affording his opposition an opportunity to know of the information and to offer evidence in explanation or rebuttal." Id.
"The inclusion of improper evidence in the record upon which the decision is based does not, however, by itself, invalidate the decision." (Footnote omitted.) Connecticut Natural Gas Corporationv. PUCA, 183 Conn. 128, 139, 439 A.2d 282 (1981). "But the use of improper evidence requires a remand only if a party has affirmatively shown substantial prejudice." Id. "Reliance on extra-record evidence for important facts demonstrates substantial prejudice." Id., 140.
In the present appeal, the Commission's denial of the plaintiff's application, as stated at its meeting on October 7, 1991, was based upon the plaintiff's failure to respond to the issues raised by (1) the town sanitarian in a letter dated August 7, 1991, and (2) the town consulting engineer in a memorandum dated August 22, 1991.[1]
The plaintiff's failure to respond to the issues raised by the town consulting engineer on August 22, 1991 is an improper basis for the Commission's denial of the plaintiff's special permit application. The last of three public hearings to discuss the subject application was held on August 12, 1991. The August 22, 1991 memorandum from the town consulting engineer to the Commission, summarizing the content of a site meeting, which occurred on that same day, is an extra-record communication. As such, it cannot be relied upon by the Commission in making its decision on the plaintiff's application. To the extent that it did rely upon this ex parte communication in denying the plaintiff's special permit application, the Commission was in error.
The court also finds that the plaintiff's failure to respond to the issues raised by the town sanitarian in a letter dated August 7, 1991, is an improper basis for the Commission's denial of the plaintiff's special permit application.
Section 5.03.10(F)(5) of the Town of Somers Zoning Regulations states, in pertinent part, that "the disposal system shall be subject to the review and approval of the Town Sanitarian, the CT Page 2868 WPCA, the State of Connecticut Department of Health Services (DOHS), and/or the State of Connecticut Department of Environmental Protection (DEP)."
As indicated in the August 7, 1991 letter to the Somers Zoning Commission from the town sanitarian: "The [Water Pollution Control] Authority voted (4 in favor, 1 opposed) to recommend an approval of the proposed change based on the following conditions:
 (1) The Town Applicants obtain a new NPDES permit from the Conn. Dept. of Environmental Protection for the proposed increased flow at the treatment facility.
 (2) No significant change in the type or level of treatment are required at the treatment facility.
 (3) Any changes, expansion and/or improvements to the sewage system, including design, that are required to accommodate the increased flow will be paid for by the developer and result in no cost to the town or the system users.
 (4) Any changes, expansion and/or improvements to the sewage system — including design — required to accommodate the increased flow will not increase the operation and maintenance cost per user.
 (5) Final revised plans for the Mill and plans for any changes, expansion and/or improvements to the sewage system, including design, required to accommodate the increased flow are approved by the Town Sanitarian and the Somers WPCA prior to the issuance of any permits for the site.
 (6) All water and sewer assessment and user charges and terms of payment are agreed upon between the developer and the Somers WPCA prior to the final approval of the plans and the issuance of any permits for the site."
The court also finds that the listed "conditions" of the CT Page 2869 August 7, 1991 letter were more a statement of concerns of the WPCA than a list of conditions precedent for an approval to be granted. The outlined "conditions" were stated to address potential contingencies that might arise during the course of the proposed project. The court finds that the Commission mischaracterized the August 7, 1991 letter as an approval "subject to" the satisfaction of the "conditions." The actual purpose of the letter was that the town sanitarian wanted to go on record with various concerns thatmay potentially present themselves at a later date.
General Statutes § 8-8(1) sets out the remedies available to the parties after the court hears the appeal. Section 8-8(1) provides, in pertinent part:
 The court, after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from. If a particular board action is required by law, the court, on sustaining the appeal, may render a judgment that modifies the board decision or order the particular board action. . . .
The court, in Londonderry Woods Development, Inc. v. PlanningCommission of the Town of Ledyard, 5 Conn. L. Rptr., No. 5, 179-80 (October 27, 1991, Leuba, J.), held that where non-record evidence is unlawfully used by the Commission, the appropriate remedy is for the Commission to reopen the public hearing to give the applicant an opportunity to respond.
5. Conclusion
This court remands the case to the Somers Zoning Commission to allow the plaintiff the opportunity to respond to the issues raised by: (1) the town sanitarian in a letter dated August 7, 1991, and (2) the town consulting engineer in a memorandum dated August 22, 1991 and letter dated August 27, 1991.
So ordered.
BY THE COURT,
Hon. Jonathan J. Kaplan