[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. The parties have stipulated as to aggrievement so he court finds that the necessary issue of aggrievement has been proven.
II. As to Claim of Abuse of Discretion
In this matter the plaintiff, Community Renewal Team of Greater Hartford, ("CRT") appeals the denial of an application for a special exception to operate a facility concerned with supervision of individuals who for one reason or another have come under the jurisdiction of the Judicial Department. This supervision may involve pretrial activities of persons not yet tried but with pending arrests and post-trial convictions, possibly as a condition of probation.
The plaintiffs located what would appear to be a suitable building for the conduct of their operations with the building being located in an Industrial IB-2 Zone. Under Schedule A in the Shelton Zoning Regulations, line 13B, there is enumerated a lengthy list of organizations whose activities are permitted uses in such a zone upon the granting of a special exception. Included in these organizations are non-profit groups such as the plaintiff herein and it was with these provisions in mind CT Page 2033 that the staff of the Shelton Planning and Zoning Commission. "P Z", advised the plaintiff to prepare and file an application for a special exception. Following a hearing before the Commission at which interested parties expressed their opinions as to the propriety of the contemplated activities of the applicant at the proposed location, the Commission in due course denied the application. The reasons on the record as given by the Commission in support of the denial were:
 a) such use was not appropriate for the proposed location and would adversely impact the general revitalization of the area,
 b) there is a perception of a negative impact on the downtown area as well as nearby school and libraries,
 c) it would create an increased burden on the police department with the number of individuals concentrating in this area who are potential or proven offenders.
There were several other reasons forming the basis of the denial as appear of record.
The plaintiff contends that since its activities fall within the scope of uses allowed as special exceptions and therefore met the standards governing such use the granting of the special exception became mandatory.
The issue on this appeal is whether a zoning authority may properly deny a special exception on any basis other than a failure to qualify as an enumerated organization. Here, the Commission did not deny the applicant on the basis of not being an applicant falling within the definition of permitted activities but rather on general observation and conclusions as to the suitability of such operation.
The record contains many references by persons attending the hearing as to potential negative impact upon the community including elected officials, residents and Shelton staff members concerned with economic development.
The case of Whisper Wind Development Corporation v.Planning and Zoning Commission, 32 Conn. App. 515, 519
appear to give a zoning authority such as Shelton the authority to deny a special permit application on the basis of general CT Page 2034 considerations in the local zoning regulations even where the application complies with the requirements for a given use. As was pointed out in the text of this opinion, while certain land uses may be generally compatible with the uses permitted as of right in a particular district, their nature may be such that it does not mesh appropriately with neighboring uses. see T. Tondro, Connecticut Land Use Regulation — Whisper Wind p. 519.
The role of this court in reviewing on appeal the doings of a commission is not to substitute its opinion and judgment for the commission. The role of the court is to determine only if the record and the applicable law support the commission's conclusion. Felsman v. Zoning Commission,31 Conn. App. 674, 678.
Here, this court concludes that there is support in the record for the conclusions of the Commission and the Commission was within its legal authority to make the determination to deny the special exception.
2. As To Claim That "CRT" is a State Agency and Not Subjectto Local Zoning Authority/That its Activities Constitutea State Use and Consequently are Permitted Under the Regulations.
Here, the plaintiff claims that the Shelton Planning and Zoning authority was in error in concluding that the CRT is not a state agency and accordingly, subject to local zoning regulations. The application for Certificate of Zoning Compliance as filed by the plaintiff with the "P Z" indicated that the proposed use was "state use — the operation of an Alternative Incarceration Program, — "A.I.P." in accordance with C.G.S 52-123a(a)(b) under contract with the State of Connecticut." The record includes as "item B" a letter from William H. Carbone, Director, Office of Alternative Sanctions, indicating that this office was statutorily mandated, non-profit and is a "state use". The application was denied on the basis that the function of the Office of Alternative Sanctions did not fall within the definition of "buildings, uses and facilities of the State of Connecticut" as being a permitted use in the IB-2 Zone. The plaintiff claims that such use by the applicant as an agency of the State of Connecticut was encompassed within the regulations and that the issuance of the special exception was therefore required and could not be denied. The Commission's denial was predicated on the conclusion that the A.I.P. was an organization contracted to do work for the state but was not "the state" and CT Page 2035 consequently not "a state use".
As yet, there have not been any Connecticut cases dealing with this question of a delegated authority being considered a "state use-" for zoning purposes. Nothing in Section 52-123a C.G.S. setting up the Office of Alternative Sanctions suggests that it is anymore than a program, like so many others extant today, designed to delve into potentially more effective ways of dealing with offenders. It does not specify that-it may conduct its affairs in any way as a substitute or replacement for duties mandated by statute to be performed by the Superior Court. While it is funded to some extent by appropriation, it is also the potential recipient of private funding to carry out its responsibilities unlike the state itself. The statute establishing it also under Section 10 suggests the office cooperate with local government units in carrying out its duties, but it is doubtful however, that compliance with local zoning regulations was envisioned by the legislature to be included within this section. However, there is no doubt that the legislature in its wisdom could have included immunity from local regulations had it so elected.
This court adopts the rationale of the Supreme Court of the State of Maine, a neighboring state, as set out in PenobscotArea v. City of Brewer, 434 A.2d 14, 19 that simply because an organization was acting as an agent of the state did not entitle it to be exempt from local zoning regulations as would the state were it engaged in the same use. Based upon this and the other authorities cited in the City of Shelton's brief of August 18, 1995 the court finds that the conclusion of the Planning and Zoning that the contemplated use by the CRT under contract with the Alternative Incarceration Office was not a "state use" under Schedule A, Line 8 was supported by the record and the applicable law.
Accordingly, the appeal is dismissed.
Ripley, J. CT Page 2036