[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. Factual History
By way of a complaint dated February 13, 1996, the plaintiff, the Planning Zoning Commission of the Town of Lebanon, seeks an injunction directing and ordering the defendant, Michael N. Karbownik, to cease occupying and/or allowing others to occupy the premises at 74 Ryan Terrace in the Town of Lebanon on a year round basis. The plaintiff also seeks a cash bond, attorneys' fees, and a civil penalty.
Since July, 1985, Michael N. Karbownik has been and continues to be an owner of the property situated in the Town of Lebanon known as Lots 191 and 192, Section C in the Amston subdivision. This property is also known as Ryan Terrace. The property at 74 Ryan Terrace is located in a Lake District Zone and is less than two acres CT Page 9078
Section 4.4a of the Lebanon Zoning Regulations provides that if a lot size is less than two acres, then only a seasonal dwelling may be erected in any Lake District. Section 2.2 of the Lebanon Zoning Regulations defines seasonal occupancy as the living in and/or housekeeping in a dwelling for the period from May 1 to November 1 only, except that the dwelling may be occupied for an additional 30 days between November 2 and April 30.
On or about June 12, 1986, the defendant applied for and was issued a building permit for the construction of a seasonal dwelling on the subject premises. In February, 1990, the Town issued a certificate of occupancy permitting the use of the subject premises as a seasonal dwelling. From the time he received the certificate of occupancy until the present, the defendant has occupied the premises at 74 Ryan terrace as a year-round residence.
In February, 1995, the defendant received a cease and desist order signed by the Lebanon Zoning Enforcement Officer directing him to discontinue the use of the subject premises on a year-round basis. In March, 1995, the defendant appealed the issuance of the order to the Lebanon Zoning Board of Appeals. He also sought a variance from the Board to permit him to use the premises on a year-round basis. On March 16, 1995, the Board denied the defendant's requests. The defendant did not appeal that decision. In December, 1995, the defendant again applied to the Board for a variance which would have permitted him to use the subject premises on a year round basis and on December 21, 1995, the Board denied the defendant's request. The defendant did not appeal that decision.
The defendant has occupied and continues to occupy, or allowed others to occupy, the premises at 74 Ryan Terrace in Lebanon as a year-round dwelling from the time he received the certificate of occupancy to the present.
The defendant filed special defenses to the present action wherein he alleges that the zoning regulations the Town seeks to enforce are unconstitutional because, as applied to his property, they constitute (1) discriminatory zoning, (2) an unconstitutional taking, and (3) nonuniform zoning.
On February 11, 1998, the parties tried the case before this CT Page 9079 court. At trial, both parties submitted evidence. Both parties filed post-trial briefs in support of their respective positions.
As previously noted, the plaintiff seeks an injunction on the basis that the defendant is, and will continue to be, in violation of the applicable zoning regulations. The defendant does not contest the facts set forth above, but rather argues that the plaintiff cannot enforce its regulations because they are unconstitutional. This court will, therefore, first address whether or not the plaintiff may enforce its regulations, and will then address whether or not the plaintiff is entitled to the relief it seeks.
II. Constitutional Challenges
"No matter how the constitutionality of a statute or regulation is raised, it is presumed to be valid and will be upheld unless the [complaining party] overcomes the presumption of validity and proves that the statute or regulation clearly violates constitutional principles." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 36.6, p. 631-32. The burden of showing the unconstitutionality of a regulation rests with the complaining party. Felsman v. ZoningCommission, 31 Conn. App. 674, 681-82, 622 A.2d 825 (1993).
a. Discriminatory Zoning
The defendant argues that the zoning regulations of the Town of Lebanon are "unconstitutional as violative of the due process of law or equal protection clauses of the state or federal constitution" because the provisions are "arbitrary and unreasonable [since they have] no substantial relation to the public health, safety, morals or general welfare." Additionally, the defendant argues that "two acre zoning requirement is discriminatory, it is in direct conflict with the Plaintiff's Comprehensive Plan of Development and it results In low and moderate income families being prevented from buying property in Lebanon in violation of [General Statutes §] 8-2". The defendant argues that the Town's zone change to the requirement of two acre lots results in the previously noted constitutional violations.
A zoning authority must be able to amend its regulations whenever circumstances or conditions reasonably indicate the need for change. First Hartford Realty Corp. v. Plan and ZoningCT Page 9080Commission, 165 Conn. 533, 544, 338 A.2d 490 (1973). A zoning authority, in enacting or amending its regulations, acts in a legislative and not an administrative capacity, and thus, has broad discretion. West Hartford Interfaith Coalition, Inc. v.Town Council, 228 Conn. 498, 505-06 n. 10, 636 A.2d 1342 (1994);Parks v. Planning Zoning Commission, 178 Conn. 657, 660,425 A.2d 100 (1979); Sowin Associates v. Planning ZoningCommission, 23 Conn. App. 370, 375, 580 A.2d 91, cert. denied,216 Conn. 832, 583 A.2d 131 (1990). Changes in zone "must be in harmony with and in conformity to a comprehensive plan as mandated General Statutes § 8-2.'" Parks v. Planning Zoning Commission, supra, 661, quoting Jablon v. Town Planning Zoning Commission, 157 Conn. 434, 438, 254 A.2d 914 (1969); Fennv. Planning Zoning Commission, 24 Conn. App. 430, 438, 589 A.2d 3
(1991). When a zoning commission amends the classification of zones within a town, it will ordinarily be upheld on appeal unless its actions have been patently arbitrary, unreasonable, illegal or in abuse of its discretion. First Hartford RealtyCorp. v. Plan and Zoning Commission, supra, 544-45; Jablon v.Town Planning Zoning Commission, supra, 439. Where a zoning commission has acted with the best intention of promoting the best interests of the community and its actions are in harmony with regulations and comprehensive plans, its action cannot be deemed to be arbitrary or illegal.Fenn v. Planning Zoning Commission, supra, 438.
Further, the standard for establishing an equal protection violation is substantial. "Mere laxity in the administration of the law, no matter how long continued, is not and cannot be held to be a denial of the equal protection of the law. To establish arbitrary discrimination inimical to constitutional equality, there must be something more, something in effect which amounts to an intentional violation of the essential principle of practical uniformity." Bianco v. Darien, 157 Conn. 548, 559-60,254 A.2d 898 (1969). For the defendant to prevail, he "must show a pattern of discrimination conscientiously practiced." (Internal quotation marks omitted.) Id., 560.
The defendants have shown no such pattern of discrimination. Nor have they produced any evidence from which the court could conclude that the defendants themselves are of moderate income. They never requested that the property be declared affordable housing. Neither they, nor their property have been harmed by regulation or lack thereof pertaining to law or moderate income housing. A party cannot challenge a statute or regulation in circumstances not presented by his own case. A litigant may only CT Page 9081 assert his own constitutional rights or immunities. Only numbers of a class whose constitutional rights are endangered by a statute may ask to have it declared unconstitutional. The defendants claims are academic and not applicable to the facts of this case.
b. Unconstitutional Taking
The defendant argues that the "[plaintiff's zoning regulations confiscate the . . . property as the . . . regulations have no rational relation to the public health, safety and welfare of the community". The defendant, however, makes no claim of practical confiscation.
The defendant in this case has "the [threshold] burden of proving that [he has] been finally deprived of the use of [his] property."Smith v. Zoning Board of Appeals, 227 Conn. 71, 99,629 A.2d 71 (1993), cert. denied ___ U.S. ___, 127 L.Ed.2d 540,114 S.C. 1190 (). "[A] final deprivation occurs when there [are] no economically viable uses of the land . . . or there has been a practical confiscation of the, property." (Citations omitted.) Id., 100. The ordinance must permanently restrict the use of the property for any reasonable purpose to go beyond permissible regulation to amount to a taking. Brecciaroli v. Commissioner ofEnvironmental Protection, 168 Conn. 349, 355, 362 A.2d 948
(1975); Archambault v. Wadlow, 25 Conn. App. 375, 382, 594 A.2d 1015
(1991). In determining whether a zoning regulation is unreasonable and confiscatory as to a piece of property, the court must consider the facts and circumstances of each case, examining the diminution in the value of the land, the nature and degree of harm to be prevented, and the alternatives available to the landowner. Brecciaroli v. Commissioner of EnvironmentalProtection, supra, 356; Archambault v. Wadlow, supra, 382-83. See also Bauer v. Waste Management of Connecticut, Inc., 234 Conn. 221,256-57, 662 A.2d 1179 (1996).
In this case, a taking has not occurred. The zoning regulations allow the defendants to use the property at all times except when the seasonal use restrictions apply. The defendants were aware of the seasonal use regulations when they purchased the properties. The house was constructed pursuant to an application for a building permit for a "seasonal" home. The fact that they now chose to use the property year round does not result in an unconstitutional taking of the property. The claim of unconstitutional taking is without merit. CT Page 9082
C. Nonuniform zoning
Additionally, the defendant in the present case argues that the regulations violate General Statutes § 8-2 since the Town granted variances to pre-existing, nonconforming properties which predate the regulations. Thus, the defendant argues, the regulations cannot be enforced without resulting in prohibited nonuniform zoning.
General Statutes § 8-2 provides, in relevant part, that "[a]ll . . . regulations shall be uniform for each class or kind of buildings, structures or use of land throughout each district, but the regulations in one district may differ from those in another district". The defendant is correct that "spot zoning" is impermissible. Zandri v. Zoning Commission, 150 Conn. 646, 649,192 A.2d 876 (1963); Kimball v. Court of Common Council, 148 Conn. 97,101-02, 167 A.2d 706 (1961). Spot zoning is defined as "a provision in a zoning plan or a modification in such a plan, which affects only the use of a particular piece of property or a small group of adjoining properties and is not related to the general plan for the community as a whole." (Internal quotation marks omitted.) Kimball v. Court of Common Council, supra, 102.
The existence of properties which predated the adoption of the seasonal use regulations does not support a finding that the regulations are nonuniform. All properties in the lake zone less than two acres in size are restricted to seasonal use unless the use is a valid preexisting nonconforming use or a variance has been granted to permit year round occupancy. There is no discrimination because all owners of the same class and in the same district are treated alike. The court, therefore, rejects the defendants' claim that the regulations violate the uniformity requirement of Connecticut General Statutes § 8-2.
III Injunctive Relief, Attorney's Fees and Costs
As previously noted, the plaintiff seeks an injunction ordering and directing the defendant, or any one else, to cease living in the subject premises on a year round basis. "it is clear that the power of equity to grant injunctive relief may be exercised only under demanding circumstances. . . . [T]he issuance of an injunction rests within the sound discretion of the trial court. . . . In exercising its discretion, the court, in a proper case, may consider and balance the injury complained CT Page 9083 of with that which will result from the interference by injunction." (Citations omitted; internal quotation marks omitted.) Anderson v. Latimer Point Management Corp., 208 Conn. 256,262, 545 A.2d 525 (1988).
"`In seeking an injunction pursuant to § 8-12, the town is relieved of the normal burden of proving irreparable harm and the lack of an adequate remedy at law because § 8-12 by implication assumes that no adequate remedy exists and that the injury was irreparable. . . . The town need only prove that the statutes or ordinances were violated."' Bauer v. Waste Managementof Connecticut, Inc., supra, 239 Conn. 532, quoting Gelinas v.West Hartford, 225 Conn. 575, 588, 626 A.2d 259 (1993); compareEmhart Industries, Inc. v. Amalgamated Local Union 376, U.A.W.,190 Conn. 371, 402, 461 A.2d 422 (1983) (General Statutes §31-115 permits the issuance of an injunction only upon the showing of, inter alia substantial and irreparable injury and the absence of an adequate remedy at law). "The granting of injunction relief . . . must be compatible with the equities of the case [and] rests within the trial court's sound discretion. . . . Those equities should take into account the gravity and willfulness of the violation, as well as the potential harm." (Citations omitted; internal quotation marks omitted.) Haddam v. LaPointe, 42 Conn. App. 631, 639,680 A.2d 1010 (1996). "A municipality has the right to have its orders enforced by an injunction merely by establishing a violation of its regulations; enactment of the regulation presumes injury if it is not obeyed." Planning Zoning Commission v. Rider, Superior Court, judicial district of New London, Docket No. 525279 (May 7, 1993, Hurley, J.), aff'd 38 Conn. App. 901,659 A.2d 1233 (1995). See also Conservation Commission v. Price,193 Conn. 414, 429, 479 A.2d 187 (1984).
Permanent injunctions can be granted only after a final hearing on the merits and last indefinitely. 42 Am.Jur.2d, Injunctions § 9 (1969). As previously noted, the defendant does not dispute that he is in violation of the zoning regulations.
The court finds that in this case the defendants knowingly, willingly and in open defiance of a valid zoning regulation refused to obey it. The history of this litigation requires further orders by the court. They persisted in using the property year round even though they had only a seasonable permit. They were served with a cease and desist order. After they were denied CT Page 9084 a variance, they continued to occupy the premises in violation of the regulations. They refused to abide by the ruling of the Zoning Board of Appeals. They openly and deliberately occupied the premises on a year round basis in complete defiance of the orders of the town and the regulations.
The court finds that there is a deliberate and undisputed violation of a zoning regulation by individuals who refuse to obey the rules.
Connecticut General Statutes § 8-12 provides that if the court "finds that the violation was willful, the court shall allow the municipality its costs together with reasonable attorney's fees to be taxed by the court."
The court will, therefore, make the following orders:
 1. A mandatory injunction ordering the defendants to cease occupancy and/or allowing others to occupy the premises in question on a year round basis;
 2. Attorney's fees in the amount of $3,500 (based upon the affidavit of Attorney's fees of $2,806 to the date of trial and the balance for the trial and post-trial brief;
 3. A civil penalty in the amount of $250 payable to the Treasurer of the Town of Lebanon.
4. A cash bond in the amount of $2,500 to assure compliance.
D. Michael Hurley, Judge Trial Referee